UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERNEST BOCK, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> PAUL STEELMAN, individually; PAUL STEELMAN, as trustee of the Steelman Asset Protection Trust; MARYANN STEELMAN, individually; MARYANN STEELMAN, as trustee of the Steelman Asset Protection Trust; STEPHEN STEELMAN; SUZANNE STEELMAN TAYLOR; JOHN DOE 1 AS TRUSTEE OF PAUL C. STEELMAN AND MARYANN T. STEELMAN REVOCABLE LIVING TRUST; JOHN DOE 2 AS TRUSTEE OF STEPHEN P. STEELMAN IRREVOCABLE TRUST; JOHN DOE 3 AS TRUSTEE OF SUZANNE T. STEELMAN IRREVOCABLE TRUST; JOHN DOE 4 AS TRUSTEE OF THE STEELMAN ASSET PROTECTION TRUST; JOHN DOE 5-14 AS TRUSTEES OF ABC TRUSTS 1-10; JOHN DOES 15-24; and ABC COMPANIES 1-10, jointly, severally, and in the alternative, <br><br> Defendants. | Case No. 2:19-cv-01065-JAD-EJY <br><br><br> **ORDER** |

Before the Court is Plaintiff Ernest Bock, L.L.C.'s Motion to Strike Defendants' Newly Raised Argument or, In the Alternative, Motion for Leave to File Sur-Reply (ECF No. 22). The Court has considered Plaintiff's Motion, Defendants' Response (ECF No. 23), and Plaintiff's Reply (ECF No. 25). The Court has also reviewed the briefing filed pertaining to the pending Motion to Dismiss (ECF Nos. 16, 18, and 20), as well as the Complaint (ECF No. 1), as each of these documents is directly related to the subject matter of the instant Motion to Strike.

**I.  Background**

This dispute case commenced in the U.S. District Court for the District of Nevada on June 21, 2019, with a Complaint filed by Plaintiff. ECF No. 1. The Complaint asserts, *inter alia*, three causes of action titled, respectively, Fraudulent Conveyance Pursuant to N.R.S. § 112.180(1)(a),

1

Fraudulent Conveyance Pursuant to N.R.S. § 112.180(1)(b), and Fraudulent Conveyance Pursuant to N.R.S. § 112.190(1). *Id*. The Complaint does not assert a cause of action under Nevada law pertaining to spendthrift trusts; although, the Complaint does allege a declaratory relief action stating that to the extent Paul and Maryann Steelman intended to create spendthrift trusts under Nevada law, those trusts fail. *Id*.

In their Motion to Dismiss and Motion for More Definite Statement Defendants assert that Plaintiff's claims are time barred by Chapter 166 of the Nevada Revised Statute, which is applicable to spendthrift trusts. ECF No. 16. Defendants refer to NRS 112.180(1)(a) when making this argument. *Id*. Plaintiff's Opposition to the Motion to Dismiss asserts, consistent with its Complaint, that "a spendthrift trust was not alleged" in Counts I through III of the Complaint and, for this reason, the motion to dismiss fails. ECF No. 18 at 8. The Opposition further argues that NRS 166.170, applicable to spendthrift trusts, is inapplicable to the claims raised by Plaintiff. In their Reply, Defendants make clear that even if the Court were to find the Trust at issue was not a spendthrift trust, Plaintiff's claims fail under NRS 112.230. ECF No. 20.

In its Motion to Strike, Plaintiff avers that Defendants' argument in Reply in Support of their Motion to Dismiss, based on a time bar under NRS 112.230, is a new argument that cannot be raised for the first time in a reply brief to which Plaintiff had no opportunity to respond. ECF No. 22. Plaintiff further states that if the Court is willing to consider Defendants' new argument, then Plaintiff should have an opportunity to file a response. *Id*. Defendants aver that their reply brief "responded to Bock's Opposition argument that the Trust it alleged in its Complaint as a 'Spendthrift Trust' … is not a true spendthrift trust after all." ECF No. 23 at 5 (citing to paragraph 70 of Plaintiff's Complaint).[1] Defendants go on to state that they would "be prejudiced if they are not permitted to address Bock's Opposition argument reframing the allegations of its own Complaint." *Id.*

---

[1] Paragraph 70 of Plaintiff's Complaint falls within Count IV titled: "Declaratory Judgment Pursuant to N.R.S. §§ 30.040-30.060." ECF No. 1 at 12. Paragraph 70 states: "Upon information and belief, in attempting to create some of the Trusts to conceal their assets from Bock, Paul Steelman and Maryann Steelman intended to create spendthrift trusts (the "Spendthrift Trusts")." *Id.*

2

**II.     Discussion**

United States District Court for the District of Nevada Local Rule 7-2(a) governs motion briefing and only allows a motion, response, and reply to be filed "unless otherwise ordered by the Court." *Id*. at 7-2(b).  The U.S. District Courts in Nevada interpret Local Rule 7-2 to allow filing of surreplies "only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 WL 873085, at *1 n. 1 (D. Nev. 2008) (emphasis omitted).  Further, "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue." *FNBS-RESCON I LLC v. Ritter*, Case No. 2:11-cv-1867-JAD-VCF, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014) (citation omitted).  *See also Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF, 2016 WL 6208254, at *2 (D. Nev. Oct. 24, 2016) ("to the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond") (citing *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).  However, as the court further explained in *Oracle*, this Court has the inherent authority to allow a party to file a sur-reply if the information is germane to the Court's evaluation of a pending motion. *Id. citing Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999).

In this case, there is no doubt that Defendants' argument regarding dismissal pursuant to NRS 112.230 was raised for the first time on reply. *Compare* ECF No. 18 *and* 20.  Defendants are clearly mistaken when they argued in opposition to the Motion to Strike that Plaintiff is attempting to reframe the allegations of its own Complaint. ECF No. 23 at 5.  Plaintiff's Complaint is clear in its first three causes of action that it is bringing fraudulent conveyance claims pursuant to NRS Chapter 112, sections 180 and 190.  ECF No. 1.  Plaintiff's Complaint is also clear in its fourth and fifth causes of action that it seeks a declaration that the "[s]pendthrift [t]rusts in question are voided as a result of the violation" of Nevada law pertaining to the creation and enforcement of such trusts. ECF No. 1 at 13 and 14.  Plaintiff does not attempt to reframe its Complaint, but is consistent in its argument that the trusts at issue are not true spendthrift trusts at all.  Plaintiff, however, had no opportunity to respond to Defendants' argument regarding expiration of the statute of limitation

3

under NRS 112.180 and 112.190, which is germane to the issue before the Court. Therefore, Plaintiff's Motion in the alternative to file a sur-reply, is granted. Defendants' motion seeking to file a sur-reply is also granted as Defendants would typically be provided a reply brief in response to an opposition to a motion to dismiss.

**III.  Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendants' Newly Raised Argument or, In the Alternative, Motion for Leave to File Sur-Reply (ECF No. 22) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Sur-Reply is GRANTED. The Clerk of the Court **shall** separate document ECF No. 22-1 and file it separately as a Sur-Reply in Response to ECF No. 16.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to file Sur-Reply is GRANTED. The Clerk of Court **shall** separate document ECF No. 23 at page 10 of 14 and file ECF No. 23, pages 10-14, as a separate document titled Sur-Surreply in support of ECF No. 16.

DATED: March 16, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE