UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERNEST BOCK, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>PAUL STEELMAN, individually; PAUL STEELMAN, as trustee of the Steelman Asset Protection Trust; MARYANN STEELMAN, individually; MARYANN STEELMAN, as trustee of the Steelman Asset Protection Trust; STEPHEN STEELMAN; SUZANNE STEELMAN TAYLOR; JOHN DOE 1 AS TRUSTEE OF PAUL C. STEELMAN AND MARYANN T. STEELMAN REVOCABLE LIVING TRUST; JOHN DOE 2 AS TRUSTEE OF STEPHEN P. STEELMAN IRREVOCABLE TRUST; JOHN DOE 3 AS TRUSTEE OF SUZANNE T. STEELMAN IRREVOCABLE TRUST; JOHN DOE 4 AS TRUSTEE OF THE STEELMAN ASSET PROTECTION TRUST; JOHN DOE 5-14 AS TRUSTEES OF ABC TRUSTS 1-10; JOHN DOES 15-24; and ABC COMPANIES 1-10, jointly, severally, and in the alternative,<br><br>Defendants. | Case No. 2:19-CV-01065-JAD-EJY<br><br>**ORDER** |

Before the Court is the Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss and Motion for More Definite Statement (ECF No. 28). The Court has considered Defendants' Motion, Plaintiff's Opposition (ECF No. 31), and Defendants' Reply (ECF No. 32). The Court has also recently ruled on Plaintiff's Motion to Strike, which required a review of Plaintiff's Complaint and Motion to Dismiss, with which the Court is now familiar and the content of which will not be repeated here.

**DISCUSSION**

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for

1

relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554).

After taking a preliminary peek at the pending motions to dismiss, the opposition, and the reply, the Court denies the Motion to Stay Discovery. First, Defendants seek dismissal <u>and</u> a more definite statement. ECF No. 17. A motion for more definite statement is not dispositive of claims. Second, there are potential questions regarding whether the Steelman Protection Asset Trust is a valid spendthrift trust under Nevada law. If the spendthrift trust is deemed invalid, there are questions regarding whether a resulting trust is formed and what happens to the assets if the resulting

1 trust does not form. Within these legal questions are factual questions that this Court believes may
2 need to be decided. As stated in NRS 166.040(1)(b), a spendthrift trust is invalid if the creation of
3 the trust "was not intended to hinder, delay or defraud known creditors . . . ." This is at the heart of
4 Plaintiff's declaratory relief claims, which are not decided by the recording of deeds. For these
5 reasons, the Court is not convinced that the pending Motion to Dismiss is dispositive such that a stay
6 of discovery is warranted in this case.

**ORDER**

Accordingly, and for the foregoing reasons, Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss and Motion for More Definite Statement (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED that the parties shall telephonically meet within five court days of this Order and submit a joint discovery plan and scheduling order with dates measuring 180 days from the date of this Order.

DATED: March 17, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE