**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ernest Bock, L.L.C., | Case No.: 2:19-cv-01065-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motions to Dismiss and for More Definite Statement, and Denying Motions to Amend and to Seal** |
| Paul Steelman, et al., | |
| Defendants | [ECF Nos. 16, 17, 53, 55, 61] |

Creditor Ernest Bock, L.L.C., sues Paul Steelman and Maryann Steelman, as individuals and as trustees, and their adult children, Stephen Steelman and Suzanne Steelman Taylor, alleging that they transferred property, businesses, and other assets to various trusts in an effort to "hinder, delay, and defraud Bock's ability to recover on a [j]udgment" it obtained against them.[1]  The Steelmans move to partially dismiss Bock's fraudulent-transfer claims, arguing that the property transfers to the Steelman Asset Protection Trust (SAPT) are time-barred under either Nevada Revised Statute (NRS) § 166.170(1)(a), Nevada's Spendthrift Trust statute, or NRS § 112.230, Nevada's Uniform Fraudulent Transfer Act.[2]  The Steelmans also move for Bock to provide a more definite statement about the alleged undated transfers of businesses and assets to various other trusts, along with the roles of Suzanne and Stephen in the fraudulent transfers.[3]  In turn, Bock seeks leave to amend to expand the scope of this lawsuit and to seal the exhibits to that motion.

---

[1] ECF No. 14 (amended complaint) at ¶¶ 44–45.

[2] ECF No. 16 (motion to dismiss).

[3] ECF No. 17 (motion for a more definite statement).

I grant the Steelmans' motion to dismiss because Bock's claims regarding the transfers to the SAPT are time-barred under NRS § 112.230. Because Bock's claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, I also grant the Steelmans' motion for a more definite statement regarding Suzanne and Stephen's roles in the alleged fraud and for the undated transfer claims. As these rulings necessitate amendment in ways not anticipated by Bock's proposed second amended complaint, I deny without prejudice Bock's motion for leave to file that amended pleading. And I deny its motion to seal the exhibits in the motion because the parties have not shown good cause exists to seal the records. But I instruct the Clerk of this Court to maintain the exhibits under seal so that the Steelmans can file a motion explaining why sealing is warranted.

## Background[4]

This action concerns the unraveling of a 2011 financing agreement for an amusement park development in Atlantic City, New Jersey.[5] Paul and Maryann Steelman executed two guarantees in Ernest Bock, L.L.C.'s favor as security for a mortgage note for the project. In 2012, the Steelmans stopped making payments, so Bock sued in the Superior Court of New Jersey in 2015.[6] Bock obtained an $11,831,365 judgment against the Steelmans in March 2019[7] and domesticated it in Nevada that April.

---

[4] This is a summary of the facts Bock alleged in its complaint and should not be construed as findings of fact.

[5] ECF No. 14 at ¶ 17, ¶¶ 20–24.

[6] *Id.* at ¶ 25.

[7] *Id.* at ¶¶ 26–27.

Seeking to collect on the judgment, Bock propounded information subpoenas on the Steelmans in April 2019.[8] Bock alleges that the Steelmans' responses revealed that they had transferred some of their "interests into . . . [the] Paul C. Steelman and Maryann T. Steelman Revocable Living Trust, [the] Stephen P. Steelman Irrevocable Trust, [the] Suzanne T. Steelman Irrevocable Trust, [the] Steelman Asset Protection Trust[(the SAPT)], and ABC Trusts 1-10," to "hinder, delay, and defraud Bock's ability to recover" on the judgment.[9] So Bock filed this complaint on June 21, 2019, alleging that the Steelmans' transfers to the various trusts are fraudulent under NRS § 112.180(1) and NRS § 112.190(1). Bock also alleges the same claims against Suzanne and Stephen (the Steelmans' adult children), arguing that they accepted the transfers to shield those funds and assets from Bock's post-judgment collection efforts.

The alleged fraudulent transfers can be grouped in two categories: (1) property transfers that occurred between 2013 to 2015 to the SAPT, and (2) undated transfers to the various other trusts. For the SAPT transfers, the Steelmans argue that Bock's fraudulent-transfer claims must be dismissed as time-barred.[10] For the undated transfers, they request Bock file a more definite statement regarding the timing of the transfers and the adult children's role in them.[11] Bock opposes these requests,[12] moves for leave to amend its complaint to expand the scope of this lawsuit, and asks to seal certain exhibits and briefs related to its motion for leave.[13] I address each motion in turn.

---

[8] *Id.* at ¶ 37.
[9] *Id.* at ¶¶ 40–41.
[10] ECF No. 16 at 8–9.
[11] *Id.* at 11–12.
[12] ECF No. 19.
[13] ECF No. 53.

**Discussion**

**I.     The Steelmans' motion to dismiss [ECF No. 16]**

   *A.     Motion-to-dismiss standard for time-barred claims*

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"[14] "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."[15]

   *B.     Bock's claims regarding the transfers to the SAPT are time-barred.*

The Steelmans move to dismiss as time-barred Bock's fraudulent-transfer claims regarding the transfers to the SAPT. They reason that it is either a spendthrift trust and therefore time-barred under NRS § 166.170 or that it is alternatively time-barred under NRS § 112.230, which applies to fraudulent transfers, generally.[16] For support, they attached the SAPT Trust Agreement[17] and ask the court to take notice of it, arguing that it is incorporated by reference in Bock's complaint.[18] Bock objects to the SAPT exhibit, claiming that it was not incorporated by reference in its complaint and argues that the limitations period under NRS § 166.170 doesn't apply because the SAPT is not a valid spendthrift trust.[19] Instead, Bock proposes that the court undertake a fact-intensive inquiry, as explained in the Restatement Third of Trusts, to determine whether the SAPT fails as a spendthrift trust but cautions that such a fact-intensive inquiry is

---

[14] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 495 F.3d 992, 997) (9th Cir. 2006)).

[15] *Id.* (citing *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

[16] ECF No. 16 at 8–9.

[17] ECF No. 16-4.

[18] ECF No. 16 at 8.

[19] ECF No. 18 at 9.

beyond the scope of the pleadings.[20]  But I need not determine whether the SAPT fails as a spendthrift trust and a resulting trust survives it because, however the trust is characterized, Bock's claims are time-barred under Nevada's Uniform Fraudulent Transfer Act, NRS §§ 112.140–.250.

Section 112.230 of the Uniform Fraudulent Transfer Act supplies one- and four-year limitations periods for Bock's claims[21]:

- for claims under NRS § 112.180(1)(a), four years after the transfer was made or one year after the transfer was or could reasonably have been discovered;[22]
- for claims under NRS § 112.180(1)(b), four years after the transfer was made or one year after the transfer was or could reasonably have been discovered;[23] and
- for claims under NRS § 112.190(2), one year after the transfer was made.[24]

But if the alleged fraudulent transfer involves a spendthrift trust, NRS § 112.230(2) explains that the alternative—much shorter—statute of limitations under NRS § 166.170 applies instead.[25]

Even if I apply NRS § 112.230's more generous four-year statutes of limitation, it is clear that the SAPT-transfer claims are time-barred.  The property transfers to the SAPT all occurred by January 2015, and the deeds for those transferred properties were all recorded by January

---

[20] Restatement (Third) of Trusts § 8 (2003); ECF No. 34 at 4.

[21] Because Bock pleaded claims under NRS §§ 112.180(1)(a)–(b) and 112.190(1), its claims are governed by the statutes of limitation set forth under NRS § 112.230.

[22] NRS § 112.180(1)(a).

[23] *Id.* at § 112.180(1)(b).

[24] *Id.* at § 112.190(2).

[25] *See* NRS § 166.170(a) ("a person may not bring an action with respect to a transfer of property to a spendthrift trust: (a) if the person is a creditor when the transfer is made, unless the action is commenced within: (1) two years after the transfer is made; or (2) six months after the person discovers or reasonably should have discovered the transfer, whichever is later").

2015.[26]  Recordation "constitute[s] constructive notice" that the properties were transferred to the SAPT.[27]  Accordingly, the statutes of limitation on Bock's fraudulent-transfer claims began to run in January 2015[28] and necessarily expired by January 2016.  Because Bock did not file its complaint until June 2019, its challenge to the SAPT transfers is time-barred.  Even if I ignored the constructive-notice rule, the claims based on these transfers would still be untimely under NRS § 112.230's four-year statute of limitations.  Because Bock filed this lawsuit more than four years after the deeds were recorded, its claims related to the SAPT under each count are time-barred, so I dismiss these claims with prejudice.

## II.     The Steelmans' motion for a more definite statement [ECF No. 17]

### A.     *Motion-for-more-definite-statement standard*

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A motion for a more definite statement "must point out the defects complained of and the details desired."[29]  Rule 12(e) motions for a more definite statement are generally disfavored and are used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.[30]

---

[26] ECF No. 16 at 11.

[27] *Latta v. Western Inv. Co.*, 173 F.2d 99, 106 (9th Cir. 1949).

[28] *Id.*

[29] Fed R. Civ. P. 12(e).

[30] *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984).

### B. Bock's fraud-based claims are subject to Rule 9(b)'s heightened pleading standard.

The Steelmans also move for a more definite statement of Bock's allegations about the undated transfers and Suzanne and Stephen's role in the fraudulent transfers. They argue that Bock's fraud claims require a particularized pleading under Federal Rule of Civil Procedure 9(b) and, because the pleading is so vague, they cannot meaningfully respond.[31] In response, Bock argues that the heightened pleading standard should be relaxed because the missing facts are known only to the Steelmans, not him.[32]

#### 1. Rule 9(b) requires more particular allegations for fraud claims.

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[33] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[34] But a complaint is subject to deeper scrutiny when it contains allegations of fraud or mistake. When a claim "is said to be 'grounded in fraud' or to 'sound in fraud,' . . . the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."[35]

Rule 9(b)'s particularity standard requires a plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the

---

[31] ECF No. 16 at 11–13.

[32] ECF No. 19 at 16.

[33] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[34] *Twombly*, 550 U.S. at 570.

[35] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003)).

7

purportedly fraudulent statement, and why it is false."[36]  This increased detail is required "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[37]  Thus, claims "grounded in fraud" must meet both the "plausibility" standard of Rule 8(a) and the "particularity" standard of Rule 9(b).[38]

### 2. *Bock's claims fail Rule 9(b)'s heightened-pleading standard.*

Each of Bock's remaining claims, actual fraud (count 1) and constructive fraud (counts 2 and 3), are "grounded in fraud," so they are subject to Rule 9(b)'s heightened pleading standard.[39]  But Bock's allegations about Stephen and Suzanne's involvement are missing the what, when, where, and how.  Bock names Stephen and Suzanne as trustees of various trusts that received the alleged fraudulently transferred assets,[40] but it has not alleged any individual involvement by these defendants in the transfers, the time frame for such conduct, or how Stephen and Suzanne's conduct was fraudulent.  The defendants are thus entitled to a more definite statement of Suzanne and Stephen's involvement in the fraudulent transfers.

The allegations about the undated transfers are similarly deficient.  Bock argues that it could not plead more facts about the undated transfers because those facts are known only to the

---

[36] *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

[37] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[38] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011); *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011).

[39] *See Kearns*, 567 F.3d at 1127 (holding that when the plaintiff's claims are grounded in fraud, the entire complaint must be pleaded with particularity); *but see Allstate Ins. Co. v. Nassiri*, No. 2:15-v-01434, 2017 WL 627215, at *2 (D. Nev. Feb. 15, 2017) (holding that a claim of constructive fraudulent transfer need not be pleaded with particularity).

[40] ECF No. 14 at ¶ 45.

Steelmans, who initiated the transfers to the trusts. Bock contends that it became aware of the SAPT transfer dates only after the Steelmans answered the information subpoena, and there are no public records of the undated transfers to the trusts involved in these counts.

Even though Rule 9(b) is "relaxed as to matters within the opposing party's knowledge," the plaintiff still must identify the circumstances constituting fraud so that the defendants can prepare an adequate answer to the allegations.[41] "In some cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of facts on which the belief is founded."[42] But Bock's allegations fall short of satisfying even this relaxed standard. Bock has not identified the circumstances constituting fraud beyond merely naming the trusts involved in the undated transfers. Bock does not allege when it believes the transfers took place or what roles Stephen, Suzanne, or other trustees had in each undated transfer. These allegations are simply too vague to permit me to ascertain which transfers and which time period Bock is targeting. So I also grant the motion for a more definite statement regarding the undated transfers. Bock has until August 6, 2020, to file an amended complaint that provides the level of detail about these defendants and the fraud that Rule 9(b) requires.

## III. Bock's motion for leave to amend its complaint [ECF No. 53]

Bock seeks leave to add 18 new causes of action, 12 new parties, and different prayers for relief in its proposed 86-page, second-amended complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[43] In determining whether to

---

[41] *Rubenstein v. Neiman Marcus Group LLC*, 687 Fed. App'x. 564, 567–589 (9th Cir. 2017) (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).

[42] *Moore*, 885 F.2d at 540 (quotation omitted).

[43] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

9

grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[44]  "Futility alone can justify the denial of a motion to amend."[45]  If Bock can't cure the deficiencies in its first amended complaint outlined above, much of its proposed amendment would be futile, and the draft complaint Bock attached to its motion has been substantially mooted by these rulings.  So I deny Bock's motion for leave to amend without prejudice to its ability to file a timely[46] new motion with a proposed amended complaint that takes the rulings in this order into account.

## IV. Bock's motions to seal [ECF Nos. 55, 61]

Bock next moves to seal 17 exhibits attached to its proposed second-amended complaint and to redact two exhibits.[47]  Relying on Magistrate Judge Youchah's order[48] granting the parties' stipulations for the production and use of confidential materials, Bock argues that the Steelmans have the burden of showing that the materials are entitled to protection because it was they who supplied the materials.  Bock also moves to seal its reply in support of its motion for leave to amend based on the same reasoning.[49]

---

[44] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).
[45] *Id.* (internal citation omitted).
[46] The deadline for amendment was recently extended to October.  *See* ECF No. 64 at 6.
[47] ECF No. 55 at 3.
[48] *See* ECF No. 50 (stipulated protective order).
[49] ECF No. 61.

10

### A. *Standard for sealing judicial records*

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[50] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[51] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[52] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[53]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[54] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[55] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[56]

---

[50] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'n's, Inc.*, 435 U.S. 589, 597 (1978)).

[51] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[52] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[53] *Id.* (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[54] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[55] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[56] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); and *Foltz*, 331 F.3d at 1135, 1138).

11

### B. *The parties haven't shown good cause to seal these records.*

Assuming as true Bock's assertion that the Steelmans provided and requested the protection of the documents Bock now seeks to file under seal, that request alone is an insufficient basis to seal. The presumption of public access is not rebutted by the existence of a protective order,[57] and neither party has articulated good cause to seal the records. Bock punted this burden to the Steelmans, and the Steelmans didn't respond to the motions. So, I deny Bock's motions to seal without prejudice, instruct the Clerk of this Court to maintain the filings under seal, and give the Steelmans until August 6, 2020, to file a motion that explains why these filings [ECF Nos. 56, 62] should continue to be sealed.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that the defendants' Motion to Dismiss **[ECF No. 16] is GRANTED**. Bock's fraudulent-transfer claims regarding the property transfers to the Steelman Asset Protection Trust are DISMISSED with prejudice as time-barred.

IT IS FURTHER ORDERED that the defendants' Motion for a More Definite Statement **[ECF No. 17] is GRANTED**. Bock has until August 6, 2020, to file an amended complaint that cures the defects identified in this order.

IT IS FURTHER ORDERED that Bock's Motion for Leave to File Second Amended Complaint **[ECF No. 53] is DENIED** without prejudice to its ability to file a renewed motion to amend that takes these rulings into account**.**

IT IS FURTHER ORDRERED that Bock's Motions to Seal **[ECF Nos. 55, 61] are DENIED** without prejudice to the Steelmans' ability to file their own motion to seal by August

---

[57] *Foltz*, 331 F.3d at 1136.

6, 2020.  In the meantime, **I instruct the Clerk of Court to maintain the filings [ECF Nos. 56, 62] under seal.**

Dated: July 27, 2020

_____
U.S. District Judge Jennifer A. Dorsey