UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST BOCK, L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>PAUL STEELMAN, individually; PAUL STEELMAN, as trustee of the Steelman Asset Protection Trust; MARYANN STEELMAN, individually; MARYANN STEELMAN, as trustee of the Steelman Asset Protection Trust; STEPHEN STEELMAN; SUZANNE STEELMAN TAYLOR; JOHN DOE 1 AS TRUSTEE OF PAUL C. STEELMAN AND MARYANN T. STEELMAN REVOCABLE LIVING TRUST; JOHN DOE 2 AS TRUSTEE OF STEPHEN P. STEELMAN IRREVOCABLE TRUST; JOHN DOE 3 AS TRUSTEE OF SUZANNE T. STEELMAN IRREVOCABLE TRUST; JOHN DOE 4 AS TRUSTEE OF THE STEELMAN ASSET PROTECTION TRUST; JOHN DOE 5-14 AS TRUSTEES OF ABC TRUSTS 1-10; JOHN DOES 15-24; and ABC COMPANIES 1-10, jointly, severally, and in the alternative,<br><br>        Defendants. | Case No. 2:19-cv-01065-JAD-EJY<br><br><br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Stay Discovery Pending Resolution of Plaintiff's Motion for Reconsideration and Defendants' Motion to Strike. ECF No. 80. The Court has considered Defendants' Motion, Plaintiff's Opposition (ECF No. 84), and Defendants' Reply (ECF No. 84).

**I.      Background**

In March 2019, a state court in New Jersey entered a final judgment in favor of Plaintiff awarding Plaintiff $11,831.35.32 against Defendants Paul and Maryann Steelman. Since that time, Plaintiff has pursued collection of this amount through New Jersey and Nevada court actions. Plaintiff filed a complaint in this court on July 21, 2019, which he amended on September 18, 2019. In response to the Amended Complaint, Defendants filed a Motion to Dismiss and a Motion for

1

More Definite Statement, which were granted by the Court on July 27, 2020. ECF No. 65. The Court dismissed Plaintiff's fraudulent transfer claims regarding property transfers to the Steelman Asset Protection Trust with prejudice as time barred, and granted Defendants' Motion for More Definite Statement giving Plaintiff until August 6, 2020 to file a second amended complaint. *Id.* at 12.

On August 6, 2020, Plaintiff filed his Second Amended Complaint. ECF No. 66. On August 7, 2020, Plaintiff filed a Motion for Partial Reconsideration of the Court's July 27, 2020 Order attaching a Superseding Second Amended Complaint. ECF No. 70. On August 20, 2020, Defendants filed a Motion to Strike Plaintiff's Second Amended Complaint arguing that Plaintiff's filing far exceeded the Court's July 27, 2020 Order, which was specific with respect to what shortcomings Plaintiff's Second Amended Complaint was to address. ECF No. 73. Plaintiff's Motion for Partial Reconsideration and Defendants' Motion to Strike Plaintiff's Second Amended Complaint were only recently fully briefed. They remain pending before the Court.

In the meantime, Defendants filed the instant Motion to Stay Discovery. Defendants argue that what claims are properly before the Court, and therefore what discovery is proportionate to the needs of the case, are in flux such that the scope of ongoing discovery cannot reasonably be determined. Defendants further argue that Rules 1 and 26(c) of the Federal Rules of Civil Procedure provide the Court with authority to stay discovery in these circumstances.[1] Defendants discuss the breadth of discovery in which Plaintiff has previously engaged and states that, given the "current shifting sands of an operative complaint," continued discovery will result, *inter alia*, in additional motion practice before the Court. Defendants essentially make an argument in equity asking the Court to exercise its discretion to prevent what Defendants believe may well be the expenditure of unnecessary resources by the parties and the Court.

In the alternative, Defendants ask the Court to enter an order limiting discovery pending the outcome of Plaintiff's Motion for Reconsideration and Defendants' Motion to Strike. Specifically, Defendants ask the Court to enter an order limiting discovery to "only the named Defendants."

---

[1] Defendants also cite to Local Rule 1-1(b).

In response, Plaintiff argues that Defendants have not met the clearly established standard for staying discovery. Plaintiff states that while Rule 1 must be considered when determining whether to grant a stay of discovery, the test applicable to evaluating whether a stay is appropriate has not been argued, let alone met, by Defendants.[2] Plaintiff states Defendants' pending motion is not dispositive (an issue Plaintiff says Defendants admit) as it seeks to strike only a portion of Plaintiff's Second Amended Complaint. Plaintiff argues that Defendants are asking the Court to invent a new standard for staying discovery—one unsupported by the law in the Ninth Circuit. As for Defendants' request to limit discovery to named parties only, Plaintiff states this effort failed when Defendants previously moved to stay discovery, which motion was denied. Finally, Plaintiff argues that Defendants offer no legitimate reason for staying third party discovery. Plaintiff states Defendants have no standing to oppose such discovery absent some limited circumstances that cannot be applied generically.

On Reply, Defendants point back to the basic rules of discovery—relevancy and proportionality—as these terms are applied to the actual case before the Court, and state that these rules cannot be applied because the scope of the case before the Court is presently unknown. Defendants describe the resources they have invested in discovery to date and ask the Court to exercise its discretion to grant a reasonable stay in this unusual circumstance. Defendants add to their argument that proportionality precludes discovery without consideration of what claims asserted against Defendants survive the pending motions, that a brief stay will not prejudice Plaintiff, and that the "unique procedural posture of this case, couple with the uncertainties related to the pandemic, support a reasonable stay of discovery."

**II.    Discussion**

As the parties well know, even a pending dispositive motion does not automatically warrant a stay of discovery. *Tradebay, LLC*, 278 F.R.D. at 601. "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3

---

[2] The two part test to which the Court refers, as is most applicable here, requires that there be a presently pending dispositive motion and the dispositive motion can be decided without engaging in discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011).

3

(D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances, it is an abuse of discretion to deny discovery while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. A party seeking a discovery stay carries the "heavy burden" of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court ordinarily takes a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). A court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Nevertheless, the court has broad discretion when deciding whether to grant a motion to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Importantly, despite scouring the law, the Court found no case in the Ninth Circuit where a district court granted a stay of discovery based solely on the Court's discretion applied pursuant to Rule 1 of the Federal Rules of Civil Procedure. That is, while court discretion is broad, it appears not to be unlimited. Without authority to stay discovery in the absence of a motion dispositive of the entire case that can be decided without engaging in discovery (or additional discovery), the Court's discretion to stay discovery is limited. Rule 1, while providing an overlay for all Rules of Civil Procedures, has not been invoked in the Ninth Circuit as a basis upon which discovery may be stayed. Here, no dispositive motion is pending. Thus, a stay of all discovery is not warranted.

However, the Court exercises its discretion and finds that denial of a discovery stay does not mean that discovery is unfettered. Rule 26(b)(1) of the Federal Rules of Civil Procedure is clear that discovery is limited to "any nonprivileged matter that is relevant to any party's *claim* or defense and *proportional* to the needs of the case …." (Emphasis added.) Applying this Rule to this case, the Court finds that until claims Plaintiff seeks to aver as stated in the Superseding Second Amended Complaint are, in fact, allowed to proceed, discovery relating to such claims is premature. Further, the claims that are subject to striking, alleged to be asserted in violation of a court order, are beyond

the scope of claims properly subject to discovery at this time given the history of this case. As such, discovery regarding these claims is not now proportional to the needs of the case.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Plaintiff's Motion for Reconsideration and Defendants' Motion to Strike (ECF No. 80) is DENIED; provided, however, that the parties may not conduct discovery into factual issues relating to proposed claims—that is, any claim not yet actually before the Court or claims subject to being struck as beyond the Court's July 27, 2020 Order (ECF No. 65).

IT IS FURTHER ORDERED that the parties shall meet and confer regarding a proposed extension of discovery deadlines within fourteen (14) days of the date of this Order. The parties shall consider what discovery (including on third parties) shall occur pertaining to existing claims. Existing claims are those that are not (i) dismissed or dismissed and subject to reconsideration, (ii) newly asserted in Plaintiff's Second Amended Complaint and subject to Defendants' Motion to Strike, or (iii) those appearing for the first time in Plaintiff's Superseding Second Amended Complaint. The parties shall then file either agreed upon new dates or their respective positions in a single filing within twenty-one (21) days of the date of this Order. If necessary, the Court will set a conference to resolve any disputes regarding extension.

Dated this 24th day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE