UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST BOCK, L.L.C., | Case No. 2:19-cv-01065-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| PAUL STEELMAN, individually, et al., | |
| Defendants. | |

Before the Court is Plaintiff Ernest Bock, L.L.C.'s Motion to File Certain Exhibits to and Filed with Its Motion for Leave to File Fourth Amended Complaint with Redactions and Under Seal. ECF No. 113.

As the party seeking to seal a judicial record, Plaintiff must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Id*. at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

Here, Plaintiff asks the Court to allow its proposed Fourth Amended Complaint (ECF No. 114), and Exhibits 1 (ECF No. 114-1) and 4 (ECF No. 114-3) thereto, to remain on the docket with

redactions. ECF No. 113 at 4.  Plaintiff also seeks to seal Exhibit 3 (ECF No. 114-2) to the proposed Fourth Amended Complaint in its entirety.  ECF No. 113 at 4.  Plaintiff explains that Defendants marked Exhibits 1 and 4 as "confidential" under the parties' operative stipulated protective order (ECF No. 50), and that an exhibit identical to Exhibit 3 was sealed by the Court in its prior Order (ECF No. 91 at 13).  ECF No. 113 at 4.

The Court considered Plaintiff's proposed Fourth Amended Complaint and the Exhibits sought to be sealed.  The Court finds Plaintiff's Fourth Amended Complaint, and Exhibits 1 and 4 thereto, are properly redacted, and finds Exhibit 3 is properly sealed.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to File Certain Exhibits to and Filed with Its Motion for Leave to File Fourth Amended Complaint with Redactions and Under Seal (ECF No. 113) is GRANTED and ECF No. 112, which is redacted shall remain on the docket in its redacted form.

IT IS FURTHER ORDERED that Plaintiff shall, within five days of the date of this Order, serve on Defendants and file **under seal** with the Court an unredacted version of the Motion for Leave to File Fourth Amended Complaint (ECF No. 112).

DATED THIS 4th day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE