UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ernest Bock, LLC,<br><br>    Plaintiff<br><br>v.<br><br>Paul Steelman, et al.,<br><br>    Defendants | Case No.: 2:19-cv-01065-JAD-EJY<br><br>**Order Granting Motion for Leave to File Fourth Amended Complaint**<br><br>[ECF Nos. 112, 117] |

Creditor Ernest Bock, LLC sues the Steelman family, as individuals and trustees, for allegedly transferring property, businesses, and other assets to various trusts in an effort to "hinder, delay, and defraud Bock's ability to recover on a [j]udgment" it obtained against them.[1] Bock seeks leave to file a fourth amended complaint to add additional defendants; alter-ego, fraudulent-transfer, and declaratory-relief claims; as well as claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), (d).[2] Bock also separately moves to strike a number of the Steelmans' affirmative defenses from their answer to the third amended complaint under Federal Rule of Civil Procedure 12(f). I find that the Steelmans have failed to overcome Rule 15's strong presumption in favor of liberally granting leave to amend, and thus permit Bock to file its fourth amended complaint. But because I grant leave to amend, I deny Bock's motion to strike the affirmative defenses without prejudice to its ability to re-urge that request in response to the Steelmans' anticipated answer to the amended pleading.

---

[1] ECF No. 66 (initial second amended complaint).
[2] ECF No. 112 (motion for leave).

**Discussion**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he courts should freely give leave [to amend] when justice so requires."[3] In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment.[4] The factors do not weigh equally—"[f]utility alone can justify denial of a motion to amend"[5] and, among the other factors, the Ninth Circuit apportions the greatest weight to potential prejudice.[6] Absent futility, a factually supported showing of prejudice, or a heavy influence of the other factors, there is a strong presumption in favor of permitting amendment.[7] The Steelmans focus their attention on bad faith, undue delay, futility, and prejudice.[8] None of these bases supports denying Bock's motion for leave to amend.

## I. Futility

According to the Steelmans, amendment would be futile because some, though not all, of Bock's proposed claims are (1) barred by the statute of limitations and insufficiently related to Bock's initial claims;[9] (2) unavailable as stand-alone causes of action and improperly duplicative;[10] and (3) inadequately pled.[11] An amended complaint is futile "where [it] would be

---

[3] *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).
[4] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).
[5] *Id.*
[6] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[7] *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987)).
[8] ECF No. 124.
[9] *Id.* at 9 (referring to counts 7–20).
[10] *Id.* at 13 (referring to counts 1–6, 22–23).
[11] *Id.* at 13–16 (referring to counts 1–6, 22–23).

subject to dismissal" under Rule 12(b)(6).[12] The Steelmans cabin their futility arguments to aspects of Bock's declaratory judgment, fraudulent-transfer, and alter-ego claims.[13] So I only consider whether those claims are insufficiently pled, which might render amendment improper exclusively as to those claims and allegations.

### A. Bock's claims are not facially time barred.

The Steelmans argue that two of Bock's proposed fraudulent-transfer and alter-ego claims—based on the transfer of real property in Mammoth, California—are barred by NRS § 112.230(1)(a) and insufficiently related to Bock's initial pleading under Rule 15(c). A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[14] In those cases, the motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[15] And Rule 15(c) may render a presumptively barred, amended claim timely, so long as "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[16]

It is not clear from the face of Bock's fourth amended complaint, or its prior pleadings, that its fraudulent-transfer claims about the Mammoth properties are time-barred. NRS § 112.230(1)(a) requires a fraudulent-transfer claim to be filed "within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation

---

[12] *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).
[13] ECF No. 112-1 at 139 (referring to counts 20–21).
[14] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[15] *Id.*
[16] Fed. R. Civ. P. 15(c)(1)(B).

3

was or could reasonably have been discovered by the claimant."[17]  The four-year period has clearly passed.  The Steelmans argue that the one-year-notice period began to run in May 2019 when Bock received and had the opportunity to examine their 2011 financial statements, which recorded the transferred properties as assets.[18]  Bock disagrees, noting that its investigation of the Mammoth properties' deeds described in the financial statements suggested non-fraudulent transfers;[19] it was not until October 2019, less than a year before filing its proposed second amended complaint, that documents revealing the true nature of the transfers came to light.[20]  Thus, according to Bock, its claims are timely.[21]

While a thorny issue that may well resurface as the pleadings develop, this appears to be a classic dispute of fact—which, at least on the Steelmans' part, relies on facts not contained in the pleadings—that would be improper for me to resolve at this stage.  That impropriety is only underscored by the fact that these arguments are inadequately developed, given that this motion has not been brought under Rule 12(b)(6).  So I decline to find that Bock's amendments seeking to add fraudulent-transfer claims are time-barred and futile based on allegations in the complaint.

But even were Bock's fraudulent-transfer claims barred under the Nevada statute of limitations, those claims sufficiently "arose out of the conduct, transaction, or occurrence set

---

[17] Nev. Rev. Stat. § 112.230(1)(a).

[18] ECF No. 66-1.

[19] ECF No. 112-1 at ¶¶ 781–82.

[20] *Id.* at ¶ 124 (noting that it filed these fraudulent-transfer claims on August 7, 2020, in its proposed second amended complaint).  Bock also notes that it did not receive documentation allegedly confirming that those transfers were necessarily fraudulent until March 2020. ECF No. 128 at 7.

[21] *Id.*

4

out"[22] in the original pleadings to permit amendment. "An amended claim arises out of the same conduct, transaction, or occurrence if it 'will likely be proved by the 'same kind of evidence' offered in support of the original pleading."[23] To relate back, "the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question."[24] As the Ninth Circuit noted in *ASARCO, LLC v. Union Pacific Railroad Co.*, this doctrine is to be "liberally applied," particularly when a party "learn[s] later while conducting discovery that [it] in fact d[oes] have a colorable basis" to seek recovery for certain types of misconduct.[25] Bock has made it clear that it would challenge the fraudulent transfer of properties designed to hinder and delay its collection efforts in both its initial pleading and subsequent, amended pleadings[26]—a list that appears to expand as Bock gains access to the discovery slowly meted out by the Steelmans.

And while the Steelmans summarily dismiss Bock's early pleadings as "insufficient to allow Bock's new claims to relate back,"[27] they point to no precedent and make no reasoned argument explaining why that is so. To the contrary, Bock's amended complaint appears to follow the path laid out by the *ASARCO* court: its new allegations of fraudulent transfers directly

---

[22] Fed. R. Civ. P. 15(c)(1)(B). The Steelmans ignore the disjunctive phrasing of Rule 15(c), arguing that Nevada's law must permit any relation-back. *See* ECF No. 124 at 11–12. But Rule 15 provides three independent bases to permit relation-back of amendments.

[23] *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988)).

[24] *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

[25] *ASARCO, LLC*, 765 F.3d at 1005–06.

[26] *See* ECF Nos. 1 at ¶¶ 43 ("Upon information and belief, Paul and Maryann Steelman either transferred additional real properties or the proceeds from the sale thereof . . . into the Trusts."), 34 (listing properties, but excluding the Mammoth properties), 47 ("Paul and Maryann Steelman transferred additional real property . . . into the Trusts to hinder, delay, and defraud Bock's collection efforts."); 54-1.

[27] ECF No. 124 at 12.

mirror its old allegations, which include a broad claim about the transfer of real property to evade Bock's collection efforts in the first complaint, as well as a detailed list of suspect transfers in the second amended complaint.[28] Permitting Bock to amend its complaint to include these allegations also seems warranted here because the transfers have been allegedly shrouded in secrecy—both at the time they were made and by the discovery process. Finally, it is obvious that these transfers, like those before them, arise from the same set of circumstances, and the same discovery will be used to support both the new and old fraudulent-transfer claims. After all, the discovery promulgated to develop the old claims gave rise to the new ones. So I find that these claims sufficiently "relate back" to permit amendment.

### B. Bock may seek federal and state declaratory relief.

Bock seeks declaratory relief under both Nevada and federal law in its proposed complaint on substantially identical grounds. The Steelmans challenge these causes of action in two ways, arguing that (1) they are not independent causes of action because declaratory relief is a remedy, not a claim; and (2) the state-law declaratory-relief claims are implicitly barred by the doctrine established in *Erie Railroad Co. v. Tompkins*,[29] as declaratory relief is a procedural and not a substantive remedy.[30] Bock agrees that declaratory relief is a remedy, but it argues that the relief it seeks is warranted by its other, supporting causes of action. It also maintains that federal district courts permit state and federal declaratory-relief claims to proceed in tandem.[31] Neither

---

[28] ECF No. 128 at 7–8.

[29] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[30] ECF No. 124 at 13 (citing *Wilgar v. OPM Las Vegas Corp.*, No. 2:19-cv-1036, 2020 WL 1433523, at *8 (D. Nev. Mar. 23, 2020)).

[31] ECF No. 128 at 11 (citing *Desio v. Russell Road Food & Beverage, LLC*, No. 2:15-cv-01440, 2016 WL 4721099, at *6 (D. Nev. Sept. 9, 2016)).

6

party identifies controlling precedent clarifying whether state and federal declaratory-relief claims may proceed in parallel in a federal action.

I find that amendment of the complaint to add Bock's declaratory-relief claims is not futile. First, while declaratory relief is a remedy, those claims are buoyed by Bock's myriad additional claims—each of which establishes a justiciable controversy. Second, many of the declaratory-relief claims presented in the amended pleading were already alleged in Bock's third amended complaint, which the Steelmans answered.[32] I see no reason to give the Steelmans a second bite at a Rule 12(b)(6) motion masquerading as an opposition to a motion for leave to amend, particularly when they do not identify those specific, new declaratory-relief claims that are now suddenly futile.[33]

I also find that Bock may pursue its state and federal declaratory relief claims in tandem, despite their seeming similarity, at this stage.[34] A federal court exercising diversity jurisdiction applies state substantive law and federal procedural law.[35] Both the Nevada and federal declaratory-judgment acts provide an identical, procedural remedy to the court.[36] Bock does not

---

[32] *Compare* ECF No. 112-1, *with* ECF No. 98.

[33] *Cf.* Fed. R. Civ. P. 12(g)(2) ("[E]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6).").

[34] *Desio*, 2016 WL 47291099 at *6 (permitting to proceed, at the pleading stage, declaratory-relief claims brought under Nevada and federal law).

[35] *In re Larry's Apartment, LLC*, 249 F.3d 832, 837 (9th Cir. 2001).

[36] *Geni-Chlor Int'l, Inc. v. Multisonics Dev. Corp.*, 580 F.2d 981, 984 (9th Cir. 1978); *see also Builders Ass'n of N. Nev. v. City of Reno*, 776 P.2d 1234, 1234 (1989) ("[T]he [Uniform Declaratory Judgments Act] merely authorizes a new form of relief, which in some cases will provide a fuller and more adequate remedy than that which existed under common law.").

appear to challenge this, declining to point out a substantive right guaranteed by the Nevada statute that might be missing from the federal one.[37] But while these claims may be duplicative, and thus eventually ancillary to the final disposition of this matter, this does not render their assertion futile. So I will permit Bock to maintain them in its complaint at this stage.

### C. Bock's declaratory-relief claims are adequately pled.

The Steelmans also challenge the adequacy of Bock's requests for declaratory relief under NRS § 30.040–060, asserting that Bock (1) fails to adequately allege the existence of a justiciable or ripe controversy; (2) cannot seek declaratory relief for the fraudulent formation of a trust; and (3) lacks standing under Nevada law to seek declaratory relief for a certain set of transfers. At the outset, I find that Bock has alleged the existence of a justiciable controversy to warrant declaratory relief, particularly since the Steelmans fail to identify the specific defects in the proposed pleading.[38] I also find that Bock has standing to challenge the Steelmans' formation of the trust and fraudulent transfer of the properties under Nevada law—at least for purposes of amendment. NRS § 30.040(1) provides that "any person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract[,] or franchise, may have determined any question of construction or validity arising under the instrument . . . .and obtain a declaration of rights."[39] And NRS § 30.060 notes that "any person interested as or through a[] . . . trustee . . . or other fiduciary . . . in the administration of a trust . . . may have a declaration of rights or legal relations . . . to direct . . . administrators or trustees to do or abstain from doing any particular act in their fiduciary capacity."[40] Here, Bock presents multiple

---

[37] ECF No. 128 at 11.
[38] *See Mediondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).
[39] Nev. Rev. Stat. § 30.040(1).
[40] *Id.* § 30.060(1).

allegations about its status as a creditor or interested party to the Steelmans' trusts and property transfers, including that it is a creditor to the Steelmans and their alter egos, which it defines as the trusts, and it challenges the validity of those trusts under Nevada law. So I find that it is not futile for Bock to seek declaratory relief on these claims.

## II.     Prejudice

The Steelmans argue that Bock's proposed amended complaint will prejudice them because it presents entirely new theories and defendants, will require significant and extensive discovery, and may result in further requests to amend. Generally, a motion to amend that is made within the time established by the pretrial scheduling order is presumed timely.[41] When a "case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled," the defendant must provide evidence that it would prejudiced "by the timing of the proposed amendment."[42] "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'"[43] In *AmerisourceBergen Corp. v. Dialysist West, Inc.*, the Ninth Circuit affirmed the district court's denial of leave to amend on the basis of prejudice, reasoning that the plaintiff's new theories "imposed potentially high, additional litigation costs on [the defendants] that could easily have been avoided" had the plaintiffs sought amendment earlier.[44] So too in *Morongo Band of Mission Indians v. Rose*, where the Ninth Circuit affirmed denial of leave to amend due to the

---

[41] *See El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005) ("A pretrial order controls the subsequent course of the action unless modified 'upon a showing of good cause.'") (citations omitted).

[42] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 190 (9th Cir. 1987).

[43] *Hunt v. Ret. Fund Trust of the Plumbing, Heating & Pipe Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

[44] *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

9

"tenuous nature" of the "radical shift" in pleadings, which "would have required defendants to have undertaken, at a late hour, an entirely new course of defense."[45]

The Steelmans fail to show that amendment would cause them prejudice sufficient to warrant denial of Bock's motion. The claims that Bock seeks to add are hardly the novel, radically new theories described by the *Morongo* or *AmerisourceBergen* courts; overall, Bock's fraudulent-transfer, alter-ego, and declaratory-relief claims appear to merely flesh out its prior theories about the Steelmans' attempts to shield their assets from post-judgment collection. And the Steelmans hardly acknowledge the RICO claims, much less explain why their inclusion at this stage would be prejudicial. The Steelmans also concede that Bock's proposed amendment is presumptively timely under the parties' scheduling order and that Bock warned of its plans to amend its complaint before and after the parties stipulated to their scheduling order. Discovery in this matter has not closed nor is its closure imminent, and it is unclear to me, based on the Steelmans' filings, that additional extensive or costly discovery will be needed to shore up Bock's claims—each of which appear to arise from discovery that has already been taken. Nor am I persuaded that the specter of future amendments warrants denial of Bock's current amendment request. So I decline to deny leave to amend on this basis as well.

### III. Undue delay and dilatory motive

Absent futility or prejudice, the Steelmans must make a "strong showing" of undue delay and dilatory motive to rebut the "presumption under Rule 15(a) in favor of granting leave to amend."[46] "Relevant to evaluating the delay issue is whether the moving party knew or should

---

[45] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).
[46] *Eminence Capital LLC*, 316 F.3d at 1052.

10

have known the facts and theories raised by the amendment in the original pleading."[47]  And bad faith or dilatory motive may be demonstrated by actions demonstrating gamesmanship, such as when a plaintiff "seek[s] to add a defendant 'to destroy diversity and to destroy the jurisdiction of this court.'"[48]  But when a plaintiff can provide "a satisfactory explanation" for its delay, and there is "no evidence in the record [that] would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend" on the basis of bad faith or undue delay.[49]

I find that Bock has neither unduly delayed in seeking leave to amend nor waited to seek leave to amend for dilatory purposes.  Bock provides many well-supported justifications for its perceived delay in moving to amend, noting the slow pace of discovery; the challenges of reviewing the Steelmans' late-produced documents, many of which were not made available until September 2020; the uncertainty of its prior pleadings, given the Steelmans' successive motions to dismiss and my recent grant of Bock's motion for reconsideration; the parties' repeated calls for more particularity in relation to the fraud claims; and the timeliness of amendment under the parties' scheduling order.[50]  And while the Steelmans imply that Bock's approach to amendment involves throwing arguments at a wall to see what sticks, the record indicates otherwise.  Not only has Bock slowly whittled down the factual bases for its claims—a fact that the Steelmans themselves bring up[51]—but Bock seemingly waited to amend its claims and add parties only "until [it] had sufficient evidence of conduct upon which [it] could base

---

[47] *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).
[48] *DCD Programs, Ltd.*, 833 F.2d at 187.
[49] *Id.*
[50] *See, e.g.*, ECF No. 112 at 5–9.
[51] ECF No. 124 at 26.

claims of wrongful conduct."[52]  The Ninth Circuit has expressly approved such an approach to amendment.[53]  So I also decline to deny its motion for leave to amend on these grounds.

In sum, I find that the Steelmans have failed to demonstrate that amendment would be futile or result in prejudice, much less make the strong showing that amendment was caused by undue delay and dilatory motive.  So I grant Bock's motion for leave to file its fourth amended complaint.  I also deny without prejudice Bock's Rule 12(f) motion to strike the affirmative defenses in the Steelmans' answer to the third amended complaint, with the opportunity to re-urge those arguments upon the anticipated filing of the Steelman's answer to the fourth amended complaint.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff Ernest Bock LLC's motion for leave to file its fourth amended complaint **[ECF No. 112] is GRANTED.**  Bock must file its fourth amended complaint in the format attached as ECF No. 112-1 by April 27, 2021.

IT IS FURTHER ORDERED that Bock's motion to strike **[ECF No. 117] is DENIED** without prejudice**.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 20, 2021

---

[52] *DCD Programs, Ltd.*, 833 F.3d at 187.
[53] *See id.*