UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERNEST BOCK, L.L.C., | Case No. 2:19-cv-01065-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| PAUL STEELMAN, individually, et al., | |
| Defendants. | |

## I.  Introduction

Pending before the Court is Plaintiff Ernest Bock, L.L.C.'s 12(f) Motion to Strike Affirmative Defenses of Certain Defendants. ECF No. 166. The affirmative defenses Plaintiff seeks to strike are raised by the Steelman Parties[1] in response to Plaintiff's Fourth Amended Complaint. Plaintiff argues that the Steelman Parties failed to plead sufficient factual support to provide Plaintiff fair notice of the basis for each defense discussed in its Motion. Plaintiff also claims that some affirmative defenses are redundant and two seek to reserve the right to raise additional defenses without complying with the requirements of the Federal Rules of Civil Procedure. The Steelman Parties argue in Opposition (ECF No. 170) that Plaintiff fails to demonstrate prejudice, which is a threshold issue to striking an affirmative defense; that the parties are involved in three lawsuits arising from the same factual basis; and, that Plaintiff has received sufficient notice to support denial of its Motion. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion.

## II. Procedural Background Pertinent to the Motion to Strike

This case began with Plaintiff's Complaint filed on June 21, 2019. ECF No. 1. On September 5, 2019, then-Defendants moved to dismiss or for more definite statement (ECF No. 12)

---

[1] Paul Steelman; Maryann Steelman; Paul Steelman as the trustee of the Steelman Asset Protection Trust; Maryann Steelman as the trustee of the Steelman Asset Protection Trust; Stephen Steelman, Suzanne Steelman Taylor; Paul Steelman as the trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust; Maryann Steelman as the trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust; and Paul Steelman as the trustee of the Paul Steelman Gaming Asset Protection Trust are defined herein as the "Steelman Parties."

1

prompting Plaintiff to file a First Amended Complaint on September 18, 2019 (ECF No. 14). The Motion to Dismiss was denied as moot because Plaintiff's filed an Amended Complaint (ECF No. 15). Defendants filed a Motion to Dismiss the Amended Complaint or for More Definite Statement soon after the denial was docketed. ECF Nos. 16, 17. On July 27, 2020, the Court granted Defendants' Motion to Dismiss and Motion for More Definite Statement and denied Plaintiff's Motion for Leave to File Second Amended Complaint without prejudice allowing Plaintiff to renew the motion taking the Court's ruling into consideration. ECF No. 65.

Plaintiff filed its Second Amended Complaint on August 6, 2020, prompting Defendants to file a Motion to Strike. ECF Nos. 66, 73. On August 7, 2020, Plaintiff filed a Motion for Partial Reconsideration of the Order granting Defendants' Motion to Dismiss and More Definite Statement. ECF No. 70. On December 20, 2020, the Court granted Plaintiff's Motion for Partial Reconsideration reinstating its fraudulent transfer claims and, allowing Plaintiff to file a third amended complaint to reinstate those claims. ECF No. 91. The Court also denied the Defendants' Motion to Strike the Second Amended Complaint. *Id*.

Plaintiff filed a Third Amended Complaint ("TAC") on December 30, 2020, attaching 29 exhibits. ECF No. 98. Defendants answered the TAC on January 27, 2021, responding to 277 paragraphs and asserting 57 affirmative defenses. ECF No. 106. On February 17, 2021, Plaintiff filed a Motion to Strike Defendants' Answer and Affirmative Defenses based, in part, on Defendants' failure to provide "a hint of factual support, thus failing give plaintiff fair notice." ECF No. 109 at 2. That same day, Defendants filed an Amended Answer to the TAC. ECF Nos. 110. Nine days later (February 26, 2021), Plaintiff filed its Motion for Leave to File a Fourth Amended Complaint, followed by withdrawal of Plaintiff's Motion to Strike Defendants' Answer, and the filing of a Motion to Strike Defendants' Affirmative Defenses. ECF Nos. 112, 116, 117.

On April 20, 2021, the Court granted Plaintiff leave to file a Fourth Amended Complaint, which Plaintiff did on April 27, 2021. ECF Nos. 131, 133. Plaintiff's Fourth Amended Complaint added new claims, new parties, is comprised of 779 paragraphs, and is 196 pages long. ECF No. 133. The Steelman Parties answered the Fourth Amended Complaint on June 18, 2021, asserting

100 affirmative defenses. ECF No. 146. Plaintiff clearly takes exception to the 100 affirmative defenses claiming 60 must be struck. ECF No. 172 at 2 n.1.

**III.   Discussion**

　　A.　*The Standard Applicable to Assessing Whether to Strike an Affirmative Defense*.

Rule 12(f) of the Federal Rules of Civil Procedure empowers the Court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Perrong v. Sperian Energy Corp. et al.*, Case No. 2:19-cv-00115-RFB-EJY, 2019 WL 8161573, at *1 (D. Nev. Aug. 26, 2019); *Board of Trustees of Glazing Health and Welfare Fund v. Z-Glass*, Case No. 2:17-cv-01638-JAD-NJK, at *1 (D. Nev. Apr. 3, 2019); *Aristocrat Technologies, Inc. et al. v. AGS, LLC, et al.*, Case No. 2:18-cv-00396-GMN-GWF, 2018 WL 11266535, at *1 (June 26, 2018); *F.T.C. v. AMG Services, Inc.*, Case No. 2:12-cv-00536-GMN-VCF, 2014 WL 5454170, at *1 (Oct. 27, 2014). However, striking affirmative defenses is clearly disfavored and identified as "a drastic remedy" that "should be denied if substantial questions of fact appear at the pleading stage." *Aristocrat Technologies*, 2018 WL 11266535, at *1 (citing *Nevada Fair Housing Center, Inc. v. Clark County*, 565 F.Supp.2d 1178 (D. Nev. 2008) and *Roadhouse v. Las Vegas Metro Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013)). Given that motions to strike are disfavored, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse*, 290 F.R.D. at 543. "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

As explained in *Board of Trustees of Glazing Health*, "[t]here is a split of authority within the Ninth Circuit and within this District as to whether affirmative defenses must be supported by sufficient factual allegations to meet the *Twombly/Iqbal* pleading standard." 2019 WL 10733033, at *2 (internal citation omitted). After doing a thorough analysis of the pleading standard applicable to affirmative defenses, the court in *AMG Services* stated:

> Rule 8 provides for different kinds of defenses. In addition to Rule 8(b)(1)(A), which requires a pleader to 'state in short and plain terms its defenses,' Rule 8(c) permits a pleader to 'affirmatively state any avoidance or affirmative defense.' This means that Rule 8(c) lacks *Twombly* and *Iqbal's* predicate: a short and plain statement. … Therefore, when considering a 12(f) motion to strike an 'insufficient defense,' the court

> find[s] that *Twombly* and *Iqbal* govern Rule 8(b)(1)(A) defenses and *Conley* [*v. Gibson*, 335 U.S. 41 (1957)] governs Rule 8(c) affirmative defenses.

2014 WL 5454170, at *5 (internal citation omitted.).

The Ninth Circuit decision in *Kohler v. Flava Enterps.*, decided after *AMG Services*, does not mention *Conley* or the *Iqbal/Twombly* standard, and states the "fair notice" required by the pleading standards only requires describing the defense in "general terms." 779 F.3d 1016, 1019 (9th Cir. 2015) *citing* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.1998). Further, the Central District of California explains that *Kohler* implicitly rejected the *Iqbal/Twombly* standard as applicable to affirmative defenses.

> Should the stricter plausibility requirement set forth in … [*Iqbal/Twombly*] apply equally to pleading affirmative defenses in an answer? The short answer is plainly "no." The text of Federal Rule of Civil Procedure 8, the principles underlying the Supreme Court's decisions in … [*Iqbal/Twombly*], and the practicalities of pretrial litigation all weigh against extending the plausibility requirement to affirmative defenses. This Court now concludes, as settled precedent suggests, that affirmative defenses may be stated in "general terms" and need only provide the plaintiff with "fair notice" of their nature.

*Loi Nguyen v. Durham School Services, L.P.*, 358 F.Supp.3d 1056, 1057 (C.D. Cal. 2019). *See also Howarth v. Patterson et al.*, Case No. CV-19-00726-PHX-ESW, 2019 WL 1901268, at *2 (D. Ariz. Apr. 29, 2019) ("The Court is persuaded by cases that conclude that the fair notice standard does not require defendants to provide a detailed statement of facts.") *citing*, *inter alia*, *id*. The court in *Howarth* also states, in accord with *AMG Services*, that "Rule 8(c)—applicable to affirmative defenses—only requires a responding party to '*affirmatively state*' its defenses." *Id*. (emphasis in original) (internal citation omitted).

Here, Plaintiff does not challenge the Steelman Parties' responses to Plaintiff's claims. Rather, Plaintiff clearly challenges the Steelman Parties' affirmative defenses, which are governed by Fed. R. Civ. P. 8(c). The Court finds the weight of authority from the Ninth Circuit and the District of Nevada demonstrates that *Iqbal/Twombly's* heightened pleadings standard does not apply to these affirmative defenses. The Court, therefore, exercises its sound discretion to determine whether any given affirmative defense should be struck based on the Court's assessment of prejudice, redundancy, and/or a lack of fair notice as asserted by Plaintiff. However, to the extent the Court strikes an affirmative defense based on a finding that it fails to provide fair notice, the

Court grants the Steelman Parties an opportunity to amend their pleading for the purposes of meeting the fair notice standard. *Wyshak v. City Nat. Bank*, 607 F.2d, 824, 826 (9th Cir. 1979); *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

        B.        <u>Plaintiff Must Show Prejudice Before an Affirmative Defense Will be Struck</u>.

Boilerplate claims of prejudice are insufficient to satisfy the high bar "set for prevailing upon a motion to strike." *Brooks v. BevMo! Inc.*, Case No. 20-cv-01216-MCE-DB, 2021 WL 3602152, at *2 (E.D. Cal. Aug. 13, 2021). This is consistent with District of Nevada case law requiring a demonstration that the claimed prejudice, absent the striking of one or more affirmative defense, will be significant. *Garity v. Donahoe*, Case No. 2:11-cv-01805-MMD-CWH, 2013 WL 4774761, at *3 (D. Nev. Sept. 4, 2013) (denying motion to strike the defendant's affirmative defenses and finding that the plaintiff did not provide sufficient information demonstrating that she will incur significant prejudice). Further, "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause a trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Davidson v. City of Los Angeles*, Case No. CV 13–9004 PSG (JEMx), 2014 WL 12708866, at *2 (C.D. Cal. Feb. 12, 2014) *citing California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (holding that the district court properly struck lengthy, stale and previously litigated factual allegations in order to streamline the action), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Plaintiff claims prejudice arising from the Steelman Parties' alleged failure to provide "fair notice" of their affirmative defenses, which "hamper[s]… [Plaintiff's] ability to rebut the defenses, imped[es] … [Plaintiff's] capacity to craft a litigation strategy, and result[s] … in unnecessary, cumbersome, and expensive discovery to uncover the bases of the defenses" the Steelman Parties "were obligated (but refuses) to plead." ECF No. 166 at 11-12. Referring to 58 affirmative defenses on Plaintiff's Exhibit A, Plaintiff complains that the Steelman Parties "simply provide no information regarding these affirmative defenses; they are just bare assertions." *Id*. at 9. Plaintiff seeks to strike two additional affirmative defenses because they seeks to circumvent the Rules of Civil Procedure.

The Steelman Parties argue Plaintiff fails to demonstrate prejudice because the "additional costs to litigate does not provide sufficient specificity to meet" the burden required. ECF No. 170 at 5 *quoting Aristocrat Technologies*, 2018 WL 11266535, at *2. The Steelman Parties contend that even if their defenses address elements of Plaintiff's claim, Plaintiff must show that rebutting the defenses "would require … [Plaintiff] to conduct unnecessary and irrelevant discovery." *Id*. at 6 *citing Walker v. Charter Commc'ns, Inc.*, Case No. 3:15-cv-00556-RCJ-VPC, 2016 WL 3563483, at *4 (D. Nev. June 29, 2016).

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Nonetheless, "district courts within this circuit have held that denials that are improperly pled as defenses should not be stricken on that basis alone." *Walker*, 2016 WL 3563482 at *4 *citing Long v. Destination Maternity Corp.*, Case No. 15-CV-2836-WQH-RBB, 2016 WL 1604968, at *12 (S.D. Cal. Apr. 21, 2016). Based on the argument made and the law summarized above, the chart below addresses whether any of the Steelman Parties' defenses (affirmative or denials of claims) are properly struck.

C.  Analysis of 58 Asserted Affirmative Defenses.

| Affirmative Defense No. | Ruling by the Court |
|---|---|
| 3 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this general denial of Plaintiff's interest is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. The Motion to Strike is denied. |
| 4 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of whether there is a judicial controversy will proceed irrespective of the assertion of this affirmative defense. The Motion to Strike is denied. |
| 5 | This affirmative defense provides fair notice to Plaintiff. The Motion to Strike is denied. |
| 6 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. The Motion to Strike is denied. |
| 7 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of whether the trusts were lawfully created and comply with Nevada law will proceed irrespective of the assertion of this defense. The Motion to Strike is denied. |

Case 2:19-cv-01065-JAD-EJY   Document 191   Filed 09/22/21   Page 7 of 10

| | | |
|---|---|---|
| | 8 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of whether the trusts were lawfully created and comply with Nevada law will proceed irrespective of the assertion of this defense. The Motion to Strike is denied. |
| | 9 | This affirmative defense provides fair notice to Plaintiff. The Motion to Strike is denied. |
| | 10 | This affirmative defense appears duplicative of affirmative defense number 9. The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 11 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of whether the trusts were lawfully created and comply with Nevada law will proceed irrespective of the assertion of this defense. The Motion to Strike is denied. |
| | 12 | This affirmative defense provides fair notice to Plaintiff. The Motion to Strike is denied. |
| | 13 | As asserted, this defense is vague and appears to offer a legal conclusion. The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 14 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of whether any transfers of assets were lawful and comply with Nevada law will proceed irrespective of the assertion of this defense. The Motion to Strike is denied. |
| | 15 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of whether any transfers of assets were lawful and comply with Nevada law will proceed irrespective of the assertion of this defense. The Motion to Strike is denied. |
| | 16 | This affirmative defense is redundant. The Motion to Strike is granted. |
| | 17 | This is not an affirmative defense. Assertion of a failure to serve a defendant is not properly asserted in a Rule 12(f) Motion or as an affirmative defense. *Humes v. Acuity*, Case No. 2:17-cv-011778-JAD-BNW, 2020 WL 3579790, at *3 (D. Nev. July 1, 2020). The Motion to Strike is granted. |
| | 19 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and, once resolved by the court of appeal, will not cause the trier of fact to draw unwarranted inferences at trial. Whether the underlying judgment is reversed will not be a subject for discovery and will not cause Plaintiff to incur additional expense in this action. The Motion to Strike is denied. |
| | 20 | This is not an affirmative defense, but instead denies Plaintiff has or will meet its burden of proof. There is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw unwarranted inferences at trial. Discovery into the issue of insolvency will proceed irrespective of the assertion of this defense. The Motion to Strike is denied. |
| | 22 | This affirmative defense raises a potential bar to some or all of Plaintiff's claims in the same fashion as a statute of limitations argument would. The Motion to Strike is denied. |
| | 23 | This affirmative defense raises a potential bar to recovery to some or all of Plaintiff's claims. The Motion to Strike is denied. |
| | 24 | This defense is vague. The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 25 | This is not an affirmative defense. However, there is no prejudice to Plaintiff as this denial is not complicated and will not cause the trier of fact to draw |

| | | |
|---|---|---|
| | | unwarranted inferences at trial.  Whether the Steelman Parties engaged in conduct that was intended to hinder, delay or defraud Plaintiff will be a subject of discovery and will not cause Plaintiff to incur additional expense in this action.  The Motion to Strike is denied. |
| | 26 | As asserted, this defense is vague and stated as a legal conclusion. The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 27 | As asserted, this defense is vague and stated as a legal conclusion.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 28 | This affirmative defense raises a potential bar to recovery to some or all of Plaintiff's claims.  The Motion to Strike is denied. |
| | 29 | As asserted, this defense is vague and stated as a legal conclusion.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 33 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 34 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 35 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 36 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 37 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 38 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 39 | This affirmative defense fails to provide fair notice of the grounds upon which it rests.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 40 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 41 | As asserted, this defense is stated as a legal conclusion that fails to provide fair notice of the grounds upon which it rests.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 43 | This affirmative defense provides fair notice to Plaintiff.  The Motion to Strike is denied. |
| | 45 | As asserted, this is neither a defense nor an affirmative defense.  The assertion fails to provide fair notice of the basis for the assertion.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 46 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 47 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| | 48 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |

| | |
|---|---|
| 49 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 50 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 51 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 52 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 56 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 60 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 64 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 68 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 72 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 76 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 80 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 84 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 88 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 89 | This assertion is vague.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 92 | This assertion is vague.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 93 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 95 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 96 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |
| 97 | As asserted, this defense is stated as a legal conclusion that Plaintiff will not meet its burden.  The Motion to Strike is granted; however, the Steelman Parties are granted leave to amend. |

D. <u>Affirmative Defenses 99 and 100 reserving the right to assert additional defenses</u>.

The Steelman Parties' 99th and 100th affirmative defenses states that they are reserving their right to assert additional defenses as discovery proceeds. ECF No. 146 at 163. Plaintiff argues this is not an affirmative defense, which is a proposition with which the Court agrees. In *MetroPCS v. A2Z Connection, LLC*, the Court states that "a reservation of rights to assert additional defenses is neither appropriate under the Federal Rules of Civil Procedure nor an affirmative defense." Case No. 2:15-cv-01412-JAD-CHW, 2019 WL 1244690, at *5 (D. Nev. Mar. 18, 2019). *See also E.E.O.C. v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010) ("a 'reservation of affirmative defenses' is not an affirmative defense[ ]"); *F.T.C. v. Stefanchik*, Case No. C04-1852 RSM, 2004 WL 5495267, at *3 (W.D. Wash. Nov. 12, 2004) ("if evidence later discovered gives rise to additional defenses, the proper procedure to add such defenses would be to move the Court to amend the Answer"); *Solis v. Zenith Capital, LLC*, Case No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009) ("Defendant[ ] cannot avoid the requirement of Rule 15 simply by 'reserving' the right to amend or supplement their affirmative defenses."). The Motion to Strike the Steelman Parties' 99th and 100th affirmative defenses is therefore granted.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff Ernest Bock, L.L.C.'s 12(f) Motion to Strike Affirmative Defenses of Certain Defendants (ECF No. 166) is GRANTED in part and DENIED in part consistent with the Court's findings stated above.

IT IS FURTHER ORDERED that the Steelman Parties are granted leave to amend their affirmative defenses only consistent with the Court's findings stated above, which amendment must be filed within 14 days of the date of this Order.

DATED this 22nd day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE