UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ernest Bock, LLC<br><br>　　Plaintiff<br><br>v.<br><br>Paul Steelman, et al.,<br><br>　　Defendants | Case No.: 2:19-cv-01065-JAD-EJY<br><br>**Order Staying Proceedings under** ***Colorado River*** **and Denying without Prejudice Motions to Dismiss**<br><br>[ECF Nos. 171, 201, 202, 210, 211, 214, 225] |

Ernest Bock, LLC sues the Steelman family, as individuals and trustees, for fraudulently transferring assets into various trusts in an effort to prevent Bock from recovering on an $11 million New Jersey state-court judgment it obtained against them. Last year, I granted Bock leave to file a fourth-amended complaint to add new defendants and new claims, including violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act. A few months ago, a New Jersey appellate court vacated the judgment and damage award that undergird all of Bock's claims in this action, and the parties have begun to relitigate that issue there. Numerous defendants now move to dismiss the complaint, and still others move to stay this case pending the final outcome of those New Jersey proceedings. Bock countermoves to condition any stay on the posting of a bond three times the value of the now-vacated state-court judgment. Because I find that exceptional circumstances warrant a stay of this action under the abstention doctrine articulated by the Supreme Court in *Colorado River Water Conservation District v. United States*,[1] I stay this case, deny the countermotion, and deny without prejudice all pending motions to dismiss.

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

**Discussion**[2]

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings."[3] Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[4] The Ninth Circuit directs courts to consider eight factors when deciding whether to stay or dismiss under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether state court proceedings will resolve all issues before the federal court.[5]

The decision to abstain under *Colorado River* "does not rest on a mechanical checklist"; it instead requires "a careful balancing of the important factors as they apply in a given case, with

---

[2] Defendants' requests for a stay are premised on a parallel doctrine the Supreme Court recognized in *Landis v. North American Company*, which provides that district courts have the inherent power to stay cases to control their dockets and promote the efficient use of judicial resources. *See* ECF No. 201; ECF No. 210; *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). But because this case involves simultaneous and related federal and state actions, the proper analysis is under *Colorado River*, not *Landis*. *See Nakash v. Marciano*, 882 F.2d 1411, 1416–17 (9th Cir. 1989) (citations omitted). Because Bock raised *Colorado River* in its response brief to the stay motions and defendants replied to its arguments, I find that the issue has been sufficiently briefed.

[3] *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) (quoting *Colorado River*, 424 U.S. at 817).

[4] *Colorado River*, 424 U.S. at 817 (cleaned up).

[5] *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

the balance heavily weighted in favor of the exercise of jurisdiction."[6] On balance, these factors weigh in favor of staying, though not dismissing, Bock's federal suit during the pendency of its state suit.

Factor one is generally "dispositive" and focuses on whether the state or federal court has custody over any property at issue.[7] In this case, this factor is neutral. Especially absent the reinstatement of the now-vacated state-court damages award, neither this court nor the New Jersey state court has assumed jurisdiction over specific property. Bock is correct that its fraudulent-transfer claims in this action involve property,[8] but that is not enough to give this court custody over the property in dispute here. Rather, for it to be so, the claim must be brought under the court's *in rem* jurisdiction.[9] And although fraudulent transfer may implicate a property's ownership, it is an *in personam* claim against the alleged fraudster.[10]

Factors two, five, and six are also neutral. The parties have been litigating the claims in the federal and state actions in both New Jersey and Nevada for years.[11] While Bock's federal claims entirely depend on the resolution of the state claims, the claims in each case are largely distinct from one another, and the relevant witnesses and evidence for each are present in the respective state. Federal and Nevada law provide the rules of decision for Bock's claims in this

---

[6] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 560 U.S. 1, 16 (1983).

[7] *40235 Wash. Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992).

[8] ECF No. 225 at 12.

[9] *Colorado River*, 424 U.S. at 818 (citing *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)).

[10] *See SuVicMon Dev., Inc. v. Morrison*, 991 F.3d 1213, 1222 (11th Cir. 2021) (a "fraudulent transfer action is not an execution proceeding" and "does not necessarily confer a property interest on the creditor; rather, any *in rem* effect of the action is a matter of" post-judgment remedies).

[11] The state-court case was filed in October 2015 and the federal-court case was filed in June 2019. *See* ECF No. 1; ECF No. 133 at ¶ 54.

case,[12] but those considerations are irrelevant without the state court's damage award, which is premised on New Jersey law.[13] And the state-court proceedings needn't fully protect Bock's rights to federal relief, because the claims aren't identical; and if the New Jersey action goes Bock's way, this court will reassume jurisdiction and resolve its remaining claims.

While factor seven weighs slightly in favor of retaining federal jurisdiction, factors three, four, and eight militate decisively in favor of abstention. The New Jersey case was instituted first[14]—indeed, without it, this case could not exist. And the threat of piecemeal litigation looms large over such a complicated case. Piecemeal litigation "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."[15] Bock's "state case has progressed far beyond [its federal] case"[16] and involves similar issues and claims. Should the New Jersey action result in the solidification of the status quo, with Bock lacking a state-court judgment upon which to base its federal claims, any progress made in this litigation in the interim will have been for naught. Given that possibility, the state-court proceedings could completely moot this case. Thus, "it would be highly inefficient to allow the federal litigation to proceed."[17]

In *Nakash v. Marciano*, the Ninth Circuit held that "exact parallelism" between the state and federal actions "is not required" to warrant abstention; "it is enough if the two proceedings

---

[12] *See generally* ECF No. 133 at ¶¶ 93–783.

[13] *Id.* at ¶ 54.

[14] *See supra* note 11.

[15] *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (cleaned up).

[16] *Nakash*, 882 F.2d at 1415; *see also Madonna*, 914 F.2d at 1369 (reasoning that a *Colorado River* stay may be appropriate where there is a "'vastly more comprehensive' state action that can adjudicate the rights of many parties or the disposition of much property").

[17] *Nakash*, 882 F.2d at 1415.

are substantially similar."[18] When the "federal action is but a spin-off of more comprehensive state litigation," courts should be "particularly reluctant to find that the actions are not parallel."[19] Bock accurately points out that its federal claims in this court are distinct from those in the state court action,[20] but its federal claims arise from and turn entirely on whether the defendants owe it breach-of-contract damages. That issue is currently before the New Jersey Supreme Court in the form of a petition for certification,[21] and if that results in a denial or an eventual affirmance of the appellate court's vacatur, it may head to trial in state court. If it instead results in reversal, or that trial ends with a similar damage award, this court will have jurisdiction to decide the remaining disputes. Thus, holding these claims in abeyance pending state-court adjudication serves efficient and just judicial administration. So this case is stayed.

Bock requests that, if I grant a stay, I condition it on the Steelmans posting a $35 million bond with the court. Beyond "alleviat[ing] some" of the general insecurity Bock has about defendants' ability to pay the original New Jersey judgment and any judgment in its favor in this case,[22] such a bond would not serve a legitimate purpose, especially when the state-court judgment stands vacated. So Bock's countermotion is denied and no condition is imposed upon the stay.

---

[18] *Id.* at 1416 (cleaned up).
[19] *Id.* at 1417 (cleaned up).
[20] ECF No. 225 at 14–15.
[21] ECF No. 201-3; ECF No. 222-3.
[22] ECF No. 225 at 24–25.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motions to stay **[ECF Nos. 201, 210] are GRANTED** and **this case is STAYED**. Once the New Jersey state-court proceedings have concluded, any party may move to lift this stay. Ernest Bock, LLC's countermotion for a condition on the stay **[ECF No. 225] is DENIED**.

IT IS FURTHER ORDERED that the pending motions to dismiss **[ECF Nos. 171, 202, 211, 214] are DENIED without prejudice** to their refiling within 20 days of the order lifting the stay. **The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this case**.

_____
U.S. District Judge Jennifer A. Dorsey
March 2, 2022