Ryan T. Gormley, Esq.
*rgormley@wwhgd.com*
Nevada Bar No. 13494
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838

*Local Counsel for Plaintiff,*
*Ernest Bock L.L.C.*

John F. Palladino, Esq.
*john@hankinsandman.com*
Evan M. Labov, Esq.
*evanl@hankinsandman.com*
HANKIN SANDMAN PALLADINO
  WEINTROB & BELL, P.C.
30 South New York Avenue
Atlantic City, NJ 08401
Telephone: (609) 344-5161

*Pro Hac Counsel for Plaintiff,*
*Ernest Bock L.L.C.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ERNEST BOCK, L.L.C.,

                                        Plaintiff,

vs.

PAUL STEELMAN, individually; MARYANN
STEELMAN, individually; PAUL STEELMAN,
as trustee of the Steelman Asset Protection Trust;
MARYANN STEELMAN, as trustee of the
Steelman Asset Protection Trust; JIM MAIN, as
trustee of the Steelman Asset Protection Trust;
STEPHEN        STEELMAN;        SUZANNE
STEELMAN-TAYLOR; PAUL STEELMAN as
trustee of the Paul C. Steelman and Maryann T.
Steelman Revocable Living Trust; MARYANN
STEELMAN, as trustee of the Paul C. Steelman
and Maryann T. Steelman Revocable Living Trust;
PAUL STEELMAN, as the trustee of the Paul
Steelman Gaming Asset Protection Trust;
KEEPSAKE, INC.; SMMR, LLC; SMMR, LLC,
SERIES A-Z; SSSSS, LLC; SSSSS, LLC, SERIES
B; CHRISTIANIA, LLC; CHRISTIANIA, LLC,
SERIES A-Z; COMPETITION INTERACTIVE,
LLC; PAUL STEELMAN, LTD.; STEELMAN
PARTNERS, LLP; PAUL STEELMAN DESIGN
GROUP, INC.; SAPT HOLDINGS, LLC, SERIES
B;  AARON  SQUIRES;  and  MATTHEW
MAHANEY,

                                        Defendants.

Case No.:  2:19-cv-01065-JAD-EJY

**JOINT STIPULATION AND PROPOSED
ORDER TO CONTINUE DISCOVERY
DEADLINES**

***(Fifth Request)***

**SPECIAL SCHEDULING REVIEW
IS REQUESTED**

30037151.2

Plaintiff Ernest Bock, L.L.C. ("Bock"), the Steelman Parties[1], the Corporate Defendants[2], and Matthew Mahaney, Esq. ("Mahaney") by and through their respective undersigned counsel, hereby submit this Joint Stipulation in accordance with LR 26-3.  This is the fifth request and fourth stipulation to extend the discovery deadlines.  **The Parties are requesting special scheduling review.**

**A.  Statement Specifying the Discovery Completed.**

**1.  Disclosures.**

| | |
|---|---|
| Bock's Initial Disclosures | 2/24/2020 |
| Steelman Parties' Initial Disclosure Statement Pursuant to FRCP 26(a)(1) | 3/6/2020 |
| Steelman Parties' First Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 3/20/2020 |
| Steelman Parties' Second Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 6/26/2020 |
| Steelman Parties' Third Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 7/2/2020 |
| Steelman Parties' Fourth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 7/20/2020 |
| Steelman Parties' Fifth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 8/28/2020 |
| Bock's First Supplement to Its Initial Disclosures and Privilege Log | 9/9/2020 |
| Steelman Parties' Sixth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 9/16/2020 |
| Steelman Parties' Seventh Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 11/6/2020 |
| Steelman Parties' Eighth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 2/4/2021 |
| Steelman Parties' Ninth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 6/11/2021 |
| Corporate Defendants' Initial Disclosures Pursuant to F.R.C.P. 26 | 7/28/2021 |
| Defendant Aaron Squires, Esq.'s Initial Disclosures Pursuant to F.R.C.P. 26[3] | 8/13/2021 |
| Defendant Matthew Mahaney, Esq.'s Initial Disclosures Pursuant to F.R.C.P. | 8/13/2021 |

[1] The "Steelman Parties" refer to Defendants Paul Steelman, individually; Maryann Steelman, individually; Paul Steelman, as trustee of the Steelman Asset Protection Trust ("SAPT"); Maryann Steelman, as trustee of the SAPT; Jim Main, as trustee of the SAPT; Stephen Steelman; Suzanne Steelman-Taylor; Paul Steelman, as trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust ("RLT"); Maryann Steelman, as trustee of the RLT; and Paul Steelman, as trustee of the Paul Steelman Gaming Asset Protection Trust.

[2] The "Corporate Defendants" refer to Christiania, LLC; Christiania, LLC, Series A-Z; Competition Interactive, LLC; Keepsake, Inc.; Paul Steelman Design Group, Inc.; Paul Steelman, Ltd.; SAPT Holdings, LLC, Series B; SMMR, LLC; SMMR, LLC, Series A-Z; SSSSS, LLC; SSSSS, LLC, Series, B; and Steelman Partners, LLP.  Bock named SMMR, LLC, Series A-Z and Christiania, LLC, Series A-Z as defendants and contends that they consist of fifty-two (52) separate defendants (i.e., SMMR, LLC, Series A; SMMR, LLC, Series B; etc.).  The Corporate Defendants disagree.  In the interest of brevity, those defendants have been stylized as "Series A-Z."

[3] Aaron Squires, Esq. was dismissed as a Defendant from this matter on February 26, 2024.

WEINBERG WHEELER
HUDGINS GUNN & DIAL

30037151.2

| 26 | |
|---|---|
| Steelman Parties' Tenth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1) | 8/31/2021 |
| Defendant Jim Main's, as Trustee of the SAPT, Initial Disclosure Statement Pursuant to FRCP 26(a)(1) | 9/8/2021 |

## 2.  Written Discovery Requests, Responses, & Privilege Logs.

| | |
|---|---|
| Bock's First Set of Interrogatories on Defendant Paul Steelman | 3/6/2020 |
| Bock's First Set of Interrogatories on Defendant Maryann Steelman | 3/6/2020 |
| Bock's First Set of Interrogatories on Defendant Stephen Steelman | 3/6/2020 |
| Bock's First Set of Interrogatories on Defendant Suzanne Steelman-Taylor | 3/6/2020 |
| Bock's First Set of Requests for Production on Defendant Paul Steelman | 3/6/2020 |
| Bock's First Set of Requests for Production on Defendant Maryann Steelman | 3/6/2020 |
| Bock's First Set of Requests for Production on Defendant Stephen Steelman | 3/6/2020 |
| Bock's First Set of Requests for Production on Defendant Suzanne Steelman-Taylor | 3/6/2020 |
| Bock's Third-Party Subpoenas Duces Tecum to Twenty Non-Parties | 3/20/2020 |
| Non-Party Xianan Yang's Responses to Bock's Subpoena | 4/16/2020 |
| Non-Party Ticor Title of Nevada, Inc.'s Responses to Bock's Subpoenas | 4/21/2020 |
| Defendant Paul Steelman's Response to Bock's First Set of Requests for Production | 5/26/2020 |
| Defendant Maryann Steelman's Response to Bock's First Set of Requests for Production | 5/26/2020 |
| Defendant Stephen Steelman's Response to Bock's First Set of Requests for Production | 5/26/2020 |
| Defendant Suzanne Steelman-Taylor's Response to Bock's First Set of Requests for Production | 5/26/2020 |
| Defendant Paul Steelman's Supplemental Response to Bock's First Set of Requests for Production | 6/26/2020 |
| Defendant Maryann Steelman's Supplemental Response to Bock's First Set of Requests for Production | 6/26/2020 |
| Defendant Stephen Steelman's Supplemental Response to Bock's First Set of Requests for Production | 6/26/2020 |
| Defendant Suzanne Steelman-Taylor's Supplemental Response to Bock's First Set of Requests for Production | 6/26/2020 |
| Defendant Paul Steelman's Response to Plaintiff's First Set of Interrogatories | 6/26/2020 |
| Defendant Maryann Steelman's Response to Plaintiff's First Set of Interrogatories | 6/26/2020 |
| Defendant Stephen Steelman's Response to Plaintiff's First Set of Interrogatories | 6/26/2020 |
| Defendant Suzanne Steelman-Taylor's Response to Plaintiff's First Set of Interrogatories | 6/26/2020 |
| Defendant Paul Steelman's Second Supplemental Response to Bock's First Set of Requests for Production | 7/2/2020 |
| Defendant Maryann Steelman's Second Supplemental Response to Bock's First Set of Requests for Production | 7/2/2020 |
| Defendant Stephen Steelman's Second Supplemental Response to Bock's First Set of Requests for Production | 7/2/2020 |
| Defendant Suzanne Steelman-Taylor's Second Supplemental Response to Bock's First Set of Requests for Production | 7/2/2020 |

30037151.2

| | |
|---|---|
| Non-Party Entities'[4] Responses to Bock's Subpoena Duces Tecum | 7/13/2020 |
| Defendant Paul Steelman's Third Supplemental Response to Bock's First Set of Requests for Production | 7/20/2020 |
| Defendant Paul Steelman's Fourth Supplemental Response to Bock's First Set of Request for Production | 8/28/2020 |
| Defendant Maryann Steelman's Third Supplemental Response to Bock's First Set of Request for Production | 8/28/2020 |
| Defendant Stephen Steelman's Third Supplemental Response to Bock's First Set of Request for Production | 8/28/2020 |
| Defendant Suzanne Steelman-Taylor's Third Supplemental Response to Bock's First Set of Request for Production | 8/28/2020 |
| Defendant Paul Steelman's Fifth Supplemental Response to Bock's First Set of Request for Production | 9/16/2020 |
| Defendant Maryann Steelman's Fourth Supplemental Response to Bock's First Set of Request for Production | 9/16/2020 |
| Defendant Stephen Steelman's Fourth Supplemental Response to Bock's First Set of Request for Production | 9/16/2020 |
| Defendant Suzanne Steelman-Taylor's Fourth Supplemental Response to Plaintiff's First Set of Request for Production | 9/16/2020 |
| Non-Party Entity Christiania, LLC's First Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 9/23/2020 |
| Non-Party Entity Keepsake, Inc.'s First Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 9/23/2020 |
| Non-Party Entity Pacific Casino & Entertainment Group, Ltd.'s First Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 9/23/2020 |
| Non-Party Entity SMMR, LLC's First Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 9/23/2020 |
| Non-Party Entity Paul Steelman Design Group, Inc.'s First Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 9/23/2020 |
| Non-Party Entity Paul Steelman, Ltd.'s First Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 9/23/2020 |
| Defendant Paul Steelman's Sixth Supplemental Response to Plaintiff's First Set of Request for Production | 11/6/2020 |
| Defendant Maryann Steelman's Fifth Supplemental Response to Plaintiff's First Set of Request for Production | 11/6/2020 |
| Defendant Stephen Steelman's Fifth Supplemental Response to Plaintiff's First Set of Request for Production | 11/6/2020 |
| Defendant Suzanne Steelman-Taylor's Fifth Supplemental Response to Plaintiff's First Set of Request for Production | 11/6/2020 |
| Non-Party Entity Christiania, LLC's Second Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 2/4/2021 |
| Non-Party Entity Keepsake, Inc.'s Second Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 2/4/2021 |
| Non-Party Entity Pacific Casino & Entertainment Group, Ltd.'s Second | 2/4/2021 |

[4] The "Non-Party Entities", some of which are now Parties, are Competition Interactive, LLC; Keepsake, Inc.; Paul Steelman, Ltd.; SMMR, LLC; Steelman Holdings, LLC; Steelman Partners; LLP; Vimerica Development, LLC; Christiania, LLC; Dalton, Steelman, Arias & Anderson, LLC; Pacific Casino & Entertainment Group, Ltd.; Paul Steelman Design Group, Inc.; Steelman Aviation, Inc.; Steelman Partners Exporter IC-DISC, Inc.; and Steelman Properties, LLC.  The Steelman Parties' counsel served as counsel to the Non-Party Entities for the limited purpose of responding to Bock's subpoenas.  Some of the Non-Party Entities have since been added as defendants in this matter, but, for the sake of accuracy, they are referred to as "Non-Party Entities" for purposes of this section because they responded to Bock's subpoena prior to becoming defendants.

WEINBERG WHEELER HUDGINS GUNN & DIAL

30037151.2

| | | |
|---|---|---|
| | Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | |
| 1 | Non-Party Entity Paul Steelman Design Group, Inc.'s Second Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 2/4/2021 |
| 2 | Non-Party Entity Paul Steelman, Ltd.'s Second Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 2/4/2021 |
| 3 | Non-Party Entity SMMR, LLC's Second Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 2/4/2021 |
| 4 | Non-Party Entity Christiania, LLC's Third Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/7/2021 |
| 5 | Non-Party Entity Pacific Casino & Entertainment Group, Ltd.'s Third Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/7/2021 |
| 6 | Non-Party Entity Paul Steelman Design Group, Inc.'s Third Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/7/2021 |
| 7 | Non-Party Entity Paul Steelman, Ltd.'s Third Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/7/2021 |
| 8 | Non-Party Entity SMMR, LLC's Third Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/7/2021 |
| 9 | Jim Main & CliftonLarsonAllen, LLP's Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/10/2021 |
| 10 | Non-Party Entity Christiania, LLC's Privilege Log | 5/12/2021 |
| 11 | Non-Party Entity Keepsake, Inc.'s Privilege Log | 5/12/2021 |
| 12 | Non-Party Entity Pacific Casino & Entertainment Group, Ltd.'s Privilege Log | 5/12/2021 |
| 13 | Non-Party Entity Paul Steelman Design Group, Inc.'s Privilege Log | 5/12/2021 |
| | Non-Party Entity Paul Steelman, Ltd.'s Privilege Log | 5/12/2021 |
| | Non-Party Entity SMMR, LLC's Privilege Log | 5/12/2021 |
| 14 | Non-Party Entity Keepsake, Inc's Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/12/2021 |
| 15 | Non-Party Entity Christiania, LLC's Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/12/2021 |
| 16 | Non-Party Entity Pacific Casino & Entertainment Group, Ltd.'s Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/12/2021 |
| 17 | Non-Party Entity Paul Steelman Design Group, Inc's Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/12/2021 |
| 18 | Non-Party Entity Paul Steelman, Ltd.'s Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/12/2021 |
| 19 | Non-Party Entity SMMR, LLC's Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/12/2021 |
| 20 | Steelman Parties' Production of Documents (for the period from January 1, 2010 through June 30, 2019) | 5/12/2021 |
| 21 | Steelman Parties' Privilege Log Relating to Documents Produced by Non-Party Aaron Squires, Esq. | 5/12/2021 |
| 22 | Steelman Parties' Privilege Log Relating to Documents Produced by Non-Party Jim Main and CliftonLarsonAllen, LLP | 5/12/2021 |
| 23 | Steelman Parties' Privilege Log | 5/12/2021 |
| 24 | Aaron Squires, Esq.'s Production to Ernest Bock, LLC's Subpoena Duces Tecum | 5/19/2021 |
| 25 | Non-Party Entity Christiania, LLC's Fourth Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/21/2021 |
| 26 | Non-Party Entity Keepsake, Inc.'s Third Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/21/2021 |
| 27 | Non-Party Entity Pacific Casino & Entertainment Group, Ltd.'s Fourth Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/21/2021 |
| 28 | Non-Party Entity SMMR, LLC's Fourth Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/21/2021 |

30037151.2

| | |
|---|---|
| Non-Party Entity Paul Steelman Design Group, Inc.'s Fourth Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/21/2021 |
| Non-Party Entity Paul Steelman, Ltd.'s Fourth Supplemental Response to Ernest Bock, LLC's Subpoena Duces Tecum | 5/21/2021 |
| Defendant Paul Steelman's Eighth Supplemental Response to Plaintiff's First Set of Request for Production | 5/28/2021 |
| Defendant Maryann Steelman's Seventh Supplemental Response to Plaintiff's First Set of Request for Production | 5/28/2021 |
| Defendant Stephen Steelman's Seventh Supplemental Response to Plaintiff's First Set of Request for Production | 5/28/2021 |
| Defendant Suzanne Steelman-Taylor's Seventh Supplemental Response to Plaintiff's First Set of Request for Production | 5/28/2021 |
| Defendant Paul Steelman's Seventh Supplemental Response to Plaintiff's First Set of Request for Production[5] | 6/14/2021 |
| Defendant Maryann Steelman's Sixth Supplemental Response to Plaintiff's First Set of Request for Production | 6/14/2021 |
| Defendant Stephen Steelman's Sixth Supplemental Response to Plaintiff's First Set of Request for Production | 6/14/2021 |
| Defendant Suzanne Steelman-Taylor's Sixth Supplemental Response to Plaintiff's First Set of Request for Production | 6/14/2021 |
| Corporate Defendants' Demand for Prior Discovery | 6/25/2021 |
| Non-Party Entity Christiania, LLC's Protected Document Production to Subpoena Duces Tecum | 7/2/2021 |
| Non-Party Entity Keepsake, Inc.'s Protected Document Production to Subpoena Duces Tecum | 7/2/2021 |
| Non-Party Entity SMMR, LLC's Protected Document Production to Subpoena Duces Tecum | 7/2/2021 |
| Steelman Parties' Protected Document Production to Plaintiff's First Sets of Requests for Production | 7/2/2021 |
| Defendant Paul Steelman's Ninth Supplemental Response to Plaintiff's First Set of Request for Production | 8/31/2021 |
| Defendant Maryann Steelman's Eighth Supplemental Response to Plaintiff's First Set of Request for Production | 8/31/2021 |
| Defendant Stephen Steelman's Eighth Supplemental Response to Plaintiff's First Set of Request for Production | 8/31/2021 |
| Defendant Suzanne Steelman-Taylor's Eighth Supplemental Response to Plaintiff's First Set of Request for Production | 8/31/2021 |
| Steelman Parties' First Supplemental Privilege Log | 8/31/2021 |

### 3. Discovery Status Conferences.

| | |
|---|---|
| First Status Conference regarding Bock's Subpoenas to Non-Parties | 4/17/2020 |
| Second Status Conference regarding Bock's Subpoenas to Non-Parties | 5/18/2020 |

### 4. Discovery Motions.

| | |
|---|---|
| Steelman Parties' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss and Motion for More Definite Statement | 2/18/2020 |
| Order Denying Motion to Stay Discovery Pending Resolution of Steelman Parties' Motion to Dismiss and Motion for More Definite Statement | 3/17/2020 |
| Steelman Parties' Motion to Stay Discovery Pending Resolution of Bock's Motion for Reconsideration and Steelman Parties' Motion to Strike | 9/2/2020 |

---

[5] Defendants Maryann Steelman, Stephen Steelman, and Suzanne Steelmans' Sixth Supplemental Responses and Paul Steelman's Seventh Supplemental Response identified documents produced in Defendants' Eighth Supplemental Disclosure Statement Pursuant to FRCP 26(a)(1), which was served on February 4, 2021.

30037151.2

| Steelman Parties' Motion for a Protective Order | 12/22/2020 |
|---|---|
| Bock's Countermotion for an Order to Compel Production of Documents & Privilege Logs by a Date Certain | 1/12/2021 |
| Steelman Parties' Countermotion for a Protective Order | 1/10/2022 |
| Aaron Squires, Esq. and Mahaney's Motion for a Protective Order | 1/14/2022 |

5. **Depositions** – None.

**B. Specific Description of the Discovery that Remains to be Completed.**

- Potential motion practice related to Bock's Subpoenas Duces Tecum;

- Potential motion practice related to Bock's First Sets of Interrogatories and Requests for Production to the Steelman Parties;

- Potential motion practice related to the privilege logs from the Steelman Parties; Aaron Squires, Esq.; Jim Main; Non-Party CliftonLarsonAllen; Non-Party Pacific Casino & Entertainment Group, Ltd.; Defendant Christiania, LLC; Defendant Keepsake, Inc.; Defendant Paul Steelman, Ltd.; Defendant Paul Steelman Design Group, Inc.; and Defendant SMMR, LLC;

- Potential motion practice related to Bock's First Supplement to Its Initial Disclosures and Second Supplement to Its Initial Disclosures;

- Bock's Second Sets of Requests for Production and Interrogatories to Defendant Paul Steelman, individually; Defendant Maryann Steelman, individually; Defendant Paul Steelman, as trustee of the SAPT; Defendant Maryann Steelman, as trustee of the SAPT; Defendant Jim Main, as trustee of the SAPT; Defendant Paul Steelman, as trustee of the RLT; and Defendant Maryann Steelman, as trustee of the RLT;

- Potential motion practice related to Bock's Second Sets of Requests for Production and Interrogatories to the aforementioned parties;

- Bock's First Sets of Requests for Production and Interrogatories to Defendant Paul Steelman, as trustee of the Paul Steelman Gaming Asset Protection Trust; each of the Corporate Defendants; and Mahaney;

- Potential motion practice related to Bock's First Sets of Requests for Production and Interrogatories to the aforementioned parties;

30037151.2

- The Steelman Parties', Corporate Defendants', and Mahaney's requests for production of documents, interrogatories, and requests for admissions to Bock; and potential motion practice related thereto;

- Service of additional subpoenas and responses thereto;

- Depositions of fact witnesses;

- Initial and rebuttal expert designations;

- Expert depositions; and

- Bock's Third Requests for Production to certain Steelman Parties' and Corporate Defendants.

**C.  Reason Why Discovery Was Not Completed.**

The parties acknowledge and appreciate that the Court issued an Order to Continue Discovery Deadlines (the "July 2 Order") on July 2, 2021, in response to the parties' Joint Stipulation and Proposed Order to Continue Discovery Deadlines.[6] In that July 2 Order, the parties and the Court recognized that further stipulations to extend discovery may be needed.[7]

In May 2021, the Steelman Parties, Defendant Christiania, LLC, Defendant Keepsake, Inc., Defendant Paul Steelman Design Group, Inc., Defendant Paul Steelman, Ltd., Aaron Squires, Esq., Jim Main, Non-Party CliftonLarsonAllen, LLP, and Non-Party Pacific Casino & Entertainment Group, Ltd. all released sizeable productions of documents.  Privilege logs accompanying productions as of May 2021 were also issued by the following entities at that time:

| Entity | Length of Log |
|---|---|
| Steelman Parties | 126 pages |
| Aaron Squires, Esq. | 19 pages |
| Jim Main & CliftonLarsonAllen, LLP | 11 pages |
| Christiania, LLC | 46 pages |
| Keepsake, Inc. | 34 pages |
| Pacific Casino & Entertainment Group, Ltd. | 10 pages |
| Paul Steelman Design Group, Inc. | 12 pages |
| Paul Steelman, Ltd. | 10 pages |
| SMMR, LLC | 23 pages |

---

[6] See ECF Nos. 160, 164-65.
[7] See ECF No. 164, at 9

30037151.2

After the Court issued the July 2 Order, the Steelman Parties provided another sizeable production in August 2021 and released a 168-page First Supplemental Privilege Log.

In October of 2021, Bock was undertaking the extensive and time-consuming task of reviewing the documents produced by the Steelman Parties, Corporate Defendants, and subpoenaed entities when it discovered several personal property items for which the Steelman Parties and Corporate Defendants had allegedly failed to provide information. Bock wrote to counsel for the Steelman Parties, Corporate Defendants, Mahaney, and subpoenaed entities in December of 2021 to outline which information was missing and request amended responses. In the same letters, Bock addressed its concerns with the privilege logs provided in May and August of 2021. In the letters, Bock requested a meet and confer to discuss all issues.

In January 2022, the parties discussed the discovery disputes. On February 14, 2022, the parties discussed the issues on the record, and the Court issued a scheduling order on February 14, 2022, staying discovery as to Mahaney and Aaron Squires, Esq., who had not been dismissed at that time, "as discussed in open court."[8] The Court also ordered at that time that Bock revise its requests to be narrower. On February 28, 2022, counsel for Bock sent via e-mail red-lined, Microsoft Word document versions of Bock's revised requests of all party discovery, except those addressed to Mahaney and Aaron Squires, Esq., to counsel for all other parties. Counsel for the Steelman Parties and counsel for Bock were discussing the revised requests on March 1 and 2 of 2022, and planning a meet and confer. Mahaney and Aaron Squires, Esq. filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on July 23, 2021, seeking a dismissal of the civil RICO claims against them.[9] Later, the Steelman Parties and the Corporate Defendants also sought dismissal of the civil RICO claims against them.[10] The Steelman Parties, Corporate Defendants, Mahaney and Aaron Squires, Esq. filed Motions to Stay in January 2022.[11] As a result, additional time was

---

[8] ECF No. 230.

[9] See ECF No. 171.

[10] ECF Nos. 202, 211.

[11] ECF No. 201, 210, 215.

30037151.2

WEINBERG WHEELER
HUDGINS GUNN & DIAL

1    spent briefing and arguing the Motions to Dismiss and the Motions to Stay.  The Court denied

2    without prejudice the Motions to Dismiss, and in the same order, granted the Motions to Stay on

3    March 2, 2022[12], halting all activity in the case.  Bock timely filed an appeal with the United States

4    Court of Appeals for the Ninth Circuit,[13] which issued a decision reversing and remanding the case

5    on August 3, 2023.[14]  The Court of Appeals "encourag[ed] the parties and the district court to

6    explore . . . alternatives that could resolve the administrative concerns identified by the district

7    court" in relation to the New Jersey Action and the Federal Action proceeding in parallel when the

8    matter was remanded.[15]  On September 5, 2023, the Court of Appeals issued a mandate remanding

9    to this Court.[16]  To date, this Court has not issued any further Order in relation to the stay, and the

10   Parties have not engaged in meaningful discussion about the Court of Appeals' encouragement to

11   explore alternative procedures to limit duplication of efforts.  On January 6, 2023, the United States

12   Supreme Court denied Defendants' Petition for a Writ of Certiorari after briefing by all Parties.

13       Bock has since propounded additional requests for production limited to seeking

14   documents regarding the further disposition of assets specifically referenced in the Fourth

15   Amended Complaint through the present.  The Parties have engaged in good faith discussions

16   about the scope and form of those requests and have reached an accommodation regarding same.

17   Mahaney and Squires' re-filed Motion to Dismiss was granted without prejudice as to Squires but

18   without leave to amend at this time, and denied as to Mahaney on February 26, 2024, thus lifting

19   the stay related to Mahaney's discovery obligations.[17]

20       In short, discovery has not yet been completed because: (a) Bock required time to review

21   the sizeable productions issued to date to assess the productions' sufficiency and prepare new

22

23   [12] ECF No. 235.

24   [13] ECF No. 237.

25   [14] ECF No. 242, 243.

26   [15] ECF No. 243, at 25 n.21.

27   [16] ECF No. 244.

28   [17] ECF No.259. ECF No. 230.

30037151.2

discovery requests to all parties; (b) the issues presented by the pleadings have been in flux, limiting Defendants' ability to begin propounding their own discovery prior to the time they sought stay and dismissal; (c) significant stay and merits-related briefing interrupted the pace of discovery; (d) the stay, followed by an appeal in the United States Court of Appeals for the Ninth Circuit, interrupted discovery and all other aspects of the case; and (e) discovery disputes related to the sufficiency of the productions and privilege logs issued to date still need to be addressed. The parties seek an extension of all discovery deadlines and other scheduled dates as set forth in a proposed schedule below, subject to resolution of a disagreement on the Deadline for Amended Pleadings and Adding Parties (the Parties' positions are discussed in the next section). This extension should provide the Parties sufficient time to attempt to resolve their existing discovery disputes, engage in motion practice if necessary, conduct additional discovery, and get this case back on track. This Joint Stipulation is made in good faith and not to delay.

**D.  Proposed Schedule for Completing Discovery.**

| Event | Current Deadline Per ECF No. 164 | Proposed Deadlines |
|---|---|---|
| Deadline for Amended Pleadings and Adding Parties | January 16, 2022 | TBD |
| Interim Status Report | February 3, 2022 | August 26, 2024 |
| Initial Expert Disclosure | February 7, 2022 | April 28, 2025 |
| Rebuttal Expert Disclosure | March 9, 2022 | June 2, 2025 |
| Discovery Cut Off | March 30, 2022 | July 16, 2025 |
| Dispositive Motions | May 6, 2022 | September 1, 2025 |
| Joint Pre-Trial Order | June 8, 2022 | October 5, 2025 |

**E.  Party Positions on Amended Pleadings and Adding Parties Deadline**

The Parties have been unable to reach agreement on the Deadline for Amended Pleadings and Adding Parties.[18]

Plaintiff previously requested distinct deadlines for amendments related to dismissed defendant Aaron Squires, Esq. and other amendments and additional parties. In Plaintiff's view amendment related to Mr. Squires, which would need to address issues raised by the Court in its

---

[18] Corporate Defendants do not take a position on the Deadline for Amended Pleadings and Adding Parties.

30037151.2

WEINBERG WHEELER
HUDGINS GUNN & DIAL

Dismissal Order[19], likely requires the occurrence of motion practice on privilege assertions by other Defendants and potentially the depositions of certain other Defendants. In Plaintiff's view, there is no other realistic means of establishing that Mr. Squires had a role in the racketeering enterprise referenced in Plaintiff's Fourth Amended Complaint beyond what is already alleged [20]. Plaintiff offered to accept an earlier deadline as to other amendments and potential additional parties in an effort to ameliorate Defendants' concerns about a late amendment meaningfully expanding or modifying the complexion of this case. Plaintiff believes the addition of Mr. Squires would not have such an effect, because he was previously a party, his addition would be generally consistent with the Fourth Amended Complaint, and Mr. Squires has already been and will continue to be subject to discovery. Plaintiff's present position is that the deadline for Mr. Squires should be December 30, 2024. If a distinct date is to be provided for other amendments and additional parties, Plaintiff believes that date should be October 1, 2024. Earlier dates were previously discussed by the Parties. Plaintiff believes an objection to this extension is inconsistent with: (i) Defendants' repeated requests for extensions of time to respond to outstanding discovery requests propounded by Plaintiff; and (ii) Defendants' position that it is necessary to provide them additional time to propound initial discovery requests on Plaintiff, which has not yet occurred as of the date of this submission.[21]

In Defendants' view, a bifurcation of the Deadline for Amended Pleadings and Adding Parties is inappropriate, as it seeks to single out Mr. Squires, who is currently a non-party to this action as his Motion to Dismiss was granted, on February 26, 2024 for the reasons set forth in the Court's Minutes of Proceeding, ECF No. 259 and transcript thereof, "as to Squires without prejudice but without leave to amend at this time …." Defendants submit that a deadline no later than June 14, 2024, was appropriate based on Plaintiff's original suggestion, made before the Court dismissed

---

[19] ECF No. 259

[20] ECF No. 133, at ¶¶ 713-716

[21] The Steelman Parties contest that they specifically requested additional time to propound discovery requests; rather, the Steelman Parties contend that the parties have been discussing extending the discovery deadlines in general and the Steelman Parties have indicated herein that during the extended discovery period they may serve discovery requests on Plaintiff.

30037151.2

Mr. Squires on February 26, 2024, of a March 15, 2024, amendment date,[22] and as said time period has expired Defendants oppose the lengthy deadline requested by Plaintiff. Again, Defendants believe it is inappropriate to have a separate Deadline for Amended Pleadings and Adding Parties for Mr. Squires, who again, the Court previously dismissed from this matter "without leave to amend at this time." Defendants additionally believe it is inappropriate to extend the Deadline for Amended Pleadings and Adding Parties until September 1, 2024, for the same reasons identified herein, including Defendants' belief that a June 14, 2024, date was reasonable.

The Parties request the Court determine the Deadline for Amended Pleadings and Adding Parties. The Parties are available to the Court to discuss this matter in conference if desired.

DATED: July 17, 2024.

**HANKIN, SANDMAN, PALLADINO, WEINTROB & BELL, P.C.**

BY: */s/ Evan M. Labov*
JOHN F. PALLADINO, ESQ. *(pro hac vice)*
john@hankinsandman.com
EVAN M. LABOV, ESQ. *(pro hac vice)*
evanl@hankinsandman.com
30 South New York Avenue
Atlantic City, NJ 08401
*Pro-Hac Counsel for Plaintiff*

DATED: July 17, 2024.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

BY: */s/ Emily A. Ellis*
FRANK M. FLANSBURG III, ESQ., #6974
fflansburg@bhfs.com
EMILY A. ELLIS, ESQ., #11956
eellis@bhfs.com
EMILY L. DYER, Esq.
edyer@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
*Attorneys for the Steelman Parties*

---

[22] The Court granted such dismissal at a hearing on February 26, 2024, which was previously scheduled for January 29, 2024, with such change being prompted by Plaintiff's request for the same. *See* ECF No. 256.

30037151.2

DATED: July 17, 2024.

**BALLARD SPAHR, LLP**

BY: */s/ Joel Edward Tasca*
JOEL EDWARD TASCA, ESQ.
tasca@ballardspahr.com
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135
*Attorney for Corporate Defendants*

DATED: July 17, 2024

**SOLOMON DWIGGINS FREER & STEADMAN, LTD.**

BY: */s/ Roberto M. Campos*
JEFFREY P. LUSZECK, ESQ.
jluszeck@sdfnvlaw.com
ROBERTO M. CAMPOS, ESQ.
rcampos@sdfnvlaw.com
9060 West Cheyenne Avenue
Las Vegas, NV 89129
*Attorney for Matthew Mahaney, Esq.*

## ORDER

IT IS HEREBY ORDERED that the Stipulation (ECF No. 265) is GRANTED this 17th day of July, 2024; provided, however, the parties **must** appear via Zoom for a court conference regarding the deadline for amending pleadings and adding parties on **July 31, 2024** at **11 a.m.**

This means that **all** counsel who wish to be heard **must** email Elvia Garcia, Courtroom Deputy for the undersigned Magistrate Judge no later than 12 noon on **July 29, 2024**, at Elvia_Garcia@nvd.uscourts.gov, and provide the email addresses of themselves and their respective participants. The courtroom deputy will email all participants with the Zoom link.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

30037151.2