FRANK M. FLANSBURG III, ESQ., Nevada Bar No. 6974
fflansburg@bhfs.com
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
eellis@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for the Steelman Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNEST BOCK, L.L.C., | CASE NO.: 2:19-cv-01065-JAD-EJY |
| Plaintiff, | |
| vs. | |
| PAUL STEELMAN, individually; MARYANN STEELMAN, individually; PAUL STEELMAN, as trustee of the Steelman Asset Protection Trust; MARYANN STEELMAN, as trustee of the Steelman Asset Protection Trust; JIM MAIN, as trustee of the Steelman Asset Protection Trust; STEPHEN STEELMAN; SUZANNE STEELMAN TAYLOR; PAUL STEELMAN, as trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust; MARYANN STEELMAN, as trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust; PAUL STEELMAN, as the trustee of the Paul Steelman Gaming Asset Protection Trust; KEEPSAKE, INC.; SMMR, LLC; SMMR, LLC SERIES A-Z; SSSSS, LLC; SSSSS, LLC, SERIES B; CHRISTIANIA, LLC; CHRISTIANIA, LLC, SERIES A-Z; COMPETITION INTERACTIVE, LLC; PAUL STEELMAN, LTD.; STEELMAN PARTNERS, LLP; PAUL STEELMAN DESIGN GROUP, INC.; SAPT HOLDINGS, LLC, SERIES B; AARON SQUIRES; and MATTHEW MAHANEY | **STIPULATION AND [PROPOSED] ORDER APPOINTING SPECIAL MASTER** |
| Defendants. | |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Plaintiff Ernest Bock, L.L.C. ("Bock"), through the law firm of Hankin Palladino Weintrob Bell & Labov, P.C.; Defendants Paul Steelman, Maryann Steelman, Paul Steelman as the trustee of the Steelman Asset Protection Trust, Maryann Steelman as the trustee of the Steelman Asset Protection Trust, Stephen Steelman, Suzanne Steelman Taylor, Paul Steelman as the trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust, Maryann Steelman as the trustee of the Paul C. Steelman and Maryann T. Steelman Revocable Living Trust, Paul Steelman as the trustee of the Paul Steelman Gaming Asset Protection Trust (collectively, the "Steelman Defendants"), through the law firm of Brownstein Hyatt Farber Schreck, LLP; Defendants Christiania, LLC, Christiania, LLC, Series A-Z, Competition Interactive, LLC, Keepsake, Inc., Paul Steelman Design Group, Inc., Paul Steelman, Ltd., SAPT Holdings, LLC, Series B, SMMR, LLC, SMMR, LLC, Series A-Z, SSSSS, LLC, SSSSS, LLC, Series B, and Steelman Partners, LLP (collectively, the "Corporate Defendants"), through the law firm of Greenberg Traurig, LLP; and Defendant Matthew Mahaney, by and through his counsel, the law firm Solomon Dwiggins Freer & Steadman, Ltd., hereby submit this Stipulation and Proposed Order Appointing Special Master (the "Proposed Order"), subject to the Court's approval:

## Appointment of the Special Master

Pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (C), the Court appoints the Honorable Carl Hoffman (ret.) as Special Master until further order of the Court. Attached to this Proposed Order is an affidavit from Judge Hoffman (the "Special Master") certifying that there are no grounds for his disqualification under 28 U.S.C. § 455. *See* FED. R. CIV. P. 53(a)(2), (b)(3)(A). The Special Master's appointment is effective immediately.

## The Special Master's Duties, Authority, and Compensation

1. The Special Master is directed to "proceed with all reasonable diligence" in the performance of his duties. FED. R. CIV. P. 53(b)(2). The Special Master is appointed to resolve discovery disputes related to the parties' privilege logs and assertions of privilege and work product protection. The Court reserves the right to expand the scope of the Special Master's appointment to other discovery motions and/or disputes. Absent determining that special grounds exist to enter a recommendation rather than an order, the Special Master shall resolve any aspect of the discovery

2

35626800.3

disputes under his charge by issuing an order along with a short report setting forth the basis for his determination.

2. In furtherance of his duties, the Special Master may communicate ex parte with the Court regarding any matter. The Special Master may not communicate ex parte with the parties (except to arrange scheduling matters) without notice to, and receiving consent from, all parties. Any party may communicate with the Special Master by email if the party includes all counsel of record on such communication.

3. During the pendency of these proceedings, the Special Master and the parties shall notify the Court immediately if they become aware of any potential grounds for disqualification under 28 U.S.C. § 455.

4. The Special Master shall preserve, as a record of his activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearings before the Special Master pursuant to Rule 53(b)(2)(C). The Special Master shall file such records with the Clerk of Court upon the request of any party or the Court. The Special Master shall also file any order, report, or recommendation with the Court pursuant to Rule 53(d) and (e).

5. A party may file objections to—or a motion to modify—the Special Master's order, report, or recommendations no later than 21 days after a copy is served on all parties. The party filing such objection or motion must also file the relevant record. Unless such objection or motion is timely filed, the Special Master's order shall be deemed submitted to the Court for its consideration. *See* FED. R. CIV. P. 53(f)(1). At that point, any party may submit a proposed order adopting the Special Master's order.

6. The Court will review de novo all objections to conclusions of law made or recommended by the Special Master. The Court will review all objections to findings of fact for clear error. For mixed questions of law and fact, where the Court determines that the application of law to facts does not require an inquiry that is "essentially factual," the Court will review objections to such findings de novo. For mixed questions in which the Court determines that the inquiry is "essentially factual," the Court will review objections to such findings for clear error.

7. The Court will set aside a ruling on a procedural matter only for an abuse of discretion.

3

35626800.3

Procedural matters do not include substantive rulings resolving discovery disputes, factual findings, or legal conclusions.

8. The Special Master shall be compensated at a rate of $700 per hour. The Special Master's compensation and associated costs and expenses in handling administrative and general matters will be paid by equally dividing such costs and expenses amongst the parties that have produced a privilege log or on whose behalf a privilege log has been produced in this matter. The Special Master's compensation and associated costs and expenses incurred in resolving disputes arising within his scope will be paid equally by the parties engaged in such dispute, e.g., the objecting party and responding party. Further, all compensation and costs and expenses shall be subject to any modification pursuant to Rule 53(g).

9. The Special Master is hereby authorized to receive and consider information and documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the parties' Stipulated Protective Order ("SPO"). *See* ECF No. 50. The Special Master agrees to be bound by the terms of the parties' SPO. The Special Master shall not file any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" publicly with the Court without affording the designating party an opportunity to protect the information under the Local Rules and the parties' SPO. *See* ECF No. 50 at 13.

10. This Order may be amended at any time upon notice to the parties and an opportunity to be heard.

Dated: December 9, 2025.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

BY: /s/ Jeremy R. Alberts
JEREMY R. ALBERTS, ESQ.
jalberts@wwhgd.com
6385 South Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Local Counsel for Plaintiff*

Dated: December 9, 2025.

**SOLOMON DWIGGINS FREER & STEADMAN, LTD.**

BY: /s/ Roberto M. Campos
JEFFREY P. LUSZECK, ESQ.
jluszeck@sdfnvlaw.com
ROBERTO M. CAMPOS, ESQ.
rcampos@sdfnvlaw.com
9060 West Cheyenne Avenue
Las Vegas, NV 89129
*Attorneys for Matthew Mahaney, Esq.*

Dated: December 9, 2025.

**HANKIN PALLADINO WEINTROB BELL & LABOV, P.C.**

BY: */s/ Evan M. Labov*
JOHN F. PALLADINO, ESQ.
john@hankinsandman.com
EVAN M. LABOV, ESQ.
evanl@hankinsandman.com
30 South New York Avenue
Atlantic City, NJ 08401
*Pro Hac Counsel for Plaintiff*

Dated: December 9, 2025.

**GREENBERG TRAURIG, LLP**

BY: */s/ Jerrell Berrios*
JOEL E. TASCA, ESQ.
joel.tasca@gtlaw.com
JERRELL BERRIOS, ESQ.
berriosj@gtlaw.com
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
*Attorneys for the Corporate Defendants*

Dated: December 9, 2025.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

BY: */s/ Frank M. Flansburg III*
FRANK M. FLANSBURG III, ESQ.
fflansburg@bhfs.com
EMILY A. ELLIS, ESQ.
eellis@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
*Attorneys for the Steelman Defendants*

**ORDER**

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Dated: December 9, 2025

35626800.3